E. J. BROWN v. P. S. PFOUTS.

*(Case No. 4035.)*

1. RECONVENTION — PRACTICE. — As a general rule when a defendant reconvenes, the plaintiff will not permitted to take a voluntary nonsuit.
2. SAME. — A motion to set aside a voluntary nonsuit filed by a defendant's attorney, who had filed before nonsuit a plea in reconvention, should not prevail when no sufficient reason is shown in the motion why they were not present and did not object when the nonsuit was applied for, and where the motion fails to show that there was merit in the plea in reconvention.[1]

ERROR from Wise. Tried below before the Hon. A. J. Hood.

*Lovejoy, Dickson & Patterson* and *Newton & Joy* for plaintiff in error.

I. It is well settled that the plaintiff cannot discontinue after the defendant has filed a plea in reconvention (Bradford *v.* Hamilton, 7 Tex., 55; 3 Tex., 270; 5 Tex., 501); such

[1] An agreement is found among the papers of this cause, signed by counsel, to refer to the commissioners of appeals, but it seems never to have been filed, and is dated one day after the delivery of the opinion.

has been the law, and is now, unless changed by the revised statutes.

II. The revised statutes have made no change in the law of reconvention; the language of the law governing and defining discounts and set-offs, laid down in the old statute (see Pasch. Dig., arts. 3443, 3444, 3446 and 3447), is identical with that of the revised statutes under the heading of " Counter Claim " (see R. S., 108), and the only change in that regard is as to the name of the plea, which is now known as a counter claim, where under the old law it was known as a plea for discount, set-off or in reconvention.     And it matters not by what name the plea may be called, the defendant may plead any matter of defense, or for redress, which is connected necessarily with the main action.     Bradford *v.* Hamilton, 7 Tex., 59; R. S., arts. 1260–1301.

III. If the revised statutes had made any change in the law of reconvention, it could not affect the rights of the plaintiff in error in this case, his plea having been on file long before the taking effect of the statute repealing the former law, if it ever was repealed (R. S., p. 718, sec. 5).     We contend further that the new statute upon the subject under consideration, is a continuation of the old law and not a new enactment.

*Ferguson & Sparkman* for defendant in error.

I. Plaintiff in error did not have such plea on file as deprived defendant in error of the right to dismiss as to him.     First, because the plea did not describe the land.     Paschal's Digest, 5295.     Second, because no new matter was put in issue by the answer.     R. S., art. 1260.     Third, no affirmative relief was sought.     R. S., art. 1260.     By the term " counter claim " as used in the statute, R. S., art. 1260, we understand is meant new affirmative matter not included in the original petition and general denial thereto.     Revised Statutes, art. 4792, allowed plaintiff in error to litigate the whole question of title under the plea of " not guilty," and one judgment would have concluded the parties and their privies.     R. S., art. 4811.

II. The right of plaintiff to dismiss as to one or more defendants who may have been served with process, or who may have answered, can only be denied in those cases when the dismissal would prejudice the rights of the other defendants, or when he has filed a counter claim, seeking affirmative relief. R. S., arts. 1259, 1260.

III. Even if plaintiff in error had on file such plea as deprived defendant in error of the right to dismiss as to him, then he waived his right to be heard on such plea by allowing two days to elapse before any objection was made to the action of the court, and before the court was informed that such plea was on file.

BONNER, ASSOCIATE JUSTICE.—As a general rule of practice, where the defendant, as in this case, reconvenes, the plaintiff will not be permitted to take a voluntary nonsuit, to the prejudice of the right of the defendant to an adjudication upon the matters contained in his plea in reconvention. Egery *v.* Power, 5 Tex., 501; Bradford *v.* Hamilton, 7 Tex., 57; R. S., art. 1260.

All the cases, however, to which our attention has been called, are those in which the objection was taken at the time the nonsuit was asked.

It does not appear but that the nonsuit as to Brown in this case was taken when the same was regularly called for trial, and when he was presumed to have been present in person or by counsel, and no objection was then made to the action of the court.

Two days subsequently, motion was made by two of several attorneys representing Brown, to set aside this judgment; but no sufficient reason is shown why they were not present and did not object at the time, and no allegation is made in the motion that there was merit in the plea in reconvention.

Under the rules of practice in analogous cases, as in motions to set aside judgments by default, the motion under consider-

ation was, on these grounds, defective. Foster *v.* Martin, 20 Tex., 118; Cook *v.* Steel, 42 Tex., 56.

As there was no trial or judgment upon the merits of the respective titles of the parties, there would not arise from the action of the court below any prejudice to Brown as a question of law, and none is shown as a question of fact, by operation of the statute of limitations or otherwise. The judgment of the court below is accordingly affirmed.

AFFIRMED.

[Opinion delivered June 15, 1880.]