STATE OF TEXAS V. H. C. FISHER ET AL.

Motion No. 857. Decided April 29, 1901.

**Mandamus—Certificate of Dissent—Writ of Error.**

Mandamus does not lie to compel the Court of Civil Appeals to certify points of dissent, though the case is a proper one therefor under Revised Statutes, article 1040, when the relator has an adequate remedy at law by application for writ of error in a proceeding where the Supreme Court has jurisdiction. (P. 491.)

MOTION for leave to file original petition for mandamus.

*Sam'l B. Dabney, Lackey & Lewright, Jno. Calhoun,* County Attorney, *T. W. Gregory,* and *C. H. Miller,* for petitioner.

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for the writ of mandamus against the judges of the Court of Civil Appeals for the Third Supreme Judicial District to compel them to certify a dissent in a certain cause decided in that court in which the relator was appellant and the Austin & Northwestern Railroad Company was appellee. The allegations of the petition show that the judgment was affirmed, that one of the judges dissented from the conclusion upon which the affirmance was based, and that counsel for the petitioner moved the court to certify the question of dissent.

Article 1040 of the Revised Statutes reads as follows: "When any one of said Courts of Civil Appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting shall dissent as to any conclusions of law material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court." Whether or not it is the duty of the court to certify the point of dissent we do not find it necessary to decide. For the purposes of this opinion, it may be conceded that it is. The writ of mandamus will not be issued where the party complaining has another plain, adequate, and complete remedy by due course of law. State v. Morris, 86 Texas, 226, and cases cited; Ark. B. and L. Assn. v. Madden, 91 Texas, 461. According to the allegations of the petition, the amount in controversy aggregates

"more than $10,000," and the judgment of the District Court has been affirmed. Therefore, this court has jurisdiction of the case; and if the judgment be erroneous, upon application to us for a writ of error, we have the power and it will be our duty to correct the error. So there is a plain remedy without recourse to the writ of mandamus. Therefore, the motion to file the petition is denied.

*Motion denied.*