## MOORE-MAYFIELD COMPANY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY ET AL.

Decided April 27, 1904.

**Dismissal—Final Judgment—Appeal.**

A judgment in justice court that the case of plaintiff, who appeared and announced ready, but refused to plead or introduce evidence, be dismissed for want of prosecution and defendant go hence without day, was a final judgment from which plaintiff might prosecute appeal.

Appeal from the County Court of Wood. Tried below before Hon. A. A. Snow.

*Hart & Hart,* for appellant.

*Geddie & Snow,* for appellees.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by the appellant against the appellees in the Justice Court of Precinct No. 2 of Wood County, to recover the sum of $126.02, alleged damages to Irish potatoes. The suit was filed on the 7th day of January, 1903, and on the 21st day of May thereafter the case was called for trial in the justice court, and appellant and appellees both announced ready for trial; and appellant failed to plead, and failed to offer any testimony to support its cause, and the cause was dismissed by the justice court for want of prosecution, and judgment rendered against the appellant for all costs of suit.

The appellant appealed the cause to the County Court of Wood County, and on the 14th of July, 1903, the cause was called for trial in said county court, and both parties appearing in person and by attorneys, motion was made by the appellees to dismiss the cause for want of jurisdiction, because the same was dismissed in the justice court for want of prosecution; and the county court sustained the motion of the appellees, and dismissed the case and entered judgment against the appellant for costs of suit.

It appears from the record that the county court dismissed the appeal on the ground that there was no final judgment entered in the justice court. The judgment entered in the justice court appears from the record to be as follows: "Now on this day came on to be heard the above styled cause, and the parties, both plaintiffs and defendant, being by attorneys before the court, announce ready for trial, and the plaintiff failed and refused to plead his cause or to offer any testimony to support same, the defendant moved the court to dismiss said cause for want of prosecution, because the plaintiff refusing to plead or to resist said motion to dismiss said cause, and the court having considered said motion is of opinion same is well taken, and said cause is by the court dismissed, and it is ordered that defendant go hence

without day, and that plaintiff pay all costs in this behalf expended, for all of which let execution issue."

We are of opinion that the above judgment is a final judgment, and one from which the appellant was authorized to appeal to the county court, and that the county court erred in dismissing the cause. Winston v. Masterson, 87 Texas, 200; Parker v. Spencer, 61 Texas, 155; Hagood v. Grimes, 24 Texas, 16; West v. Bagby, 12 Texas, 34; Hanks v. Thompson, 5 Texas, 6; Horton v. McKeehan, 1 White & W. Civ. Cas., sec. 467; Howeth v. Clarke, 4 Willson Civ. Cas., sec. 72.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*