### H. KEMPNER v. FIRST NATIONAL BANK OF CROCKETT.

#### Decided December 18, 1906.

**1.—Trial of the Right of Property—Dismissal—Res Adjudicata.**

In a suit for the trial of the right of property, a judgment was entered quashing the claimant's oath and bond and dismissing the suit at the claimant's cost. From this judgment no appeal was taken. After the adjournment of the term the claimant filed another oath and bond, and the plaintiff moved to dismiss the proceeding because the former judgment of dismissal was conclusive of the claimant's rights. Held, the motion should have been sustained.

**2.—Same.**

The finality of the judgment of dismissal was not affected by the fact that the court, at the time it was rendered, reserved the right to set it aside at the next term. This right expired with the term.

Appeal from the County Court of Houston County. Tried below before Hon. Porter Newman.

*Moore & Adams,* for appellant.

*J. W. Madden,* for appellee.—The court did not err in overruling plaintiff's motion to strike out and dismiss the second or amended affidavit and bond, because the record shows that the order of dismissal made by the trial court at its May term, A. D. 1905, was not final, but merely conditional, it being then agreed by the parties to the suit and by the court that such new papers should be filed subject to the subsequent action of the court upon such authorities as appellee might thereafter present upon his right to file such new or amended papers, and because, under the law, appellee had the right to file the same, the claim to the property not having been abandoned by appellee. Sweeney v. Jarvis, 6 Texas, 36; Parker v. Portis, 14 Texas, 166; Ryan v. Goldfrank, 58 Texas, 356; Osborne v. Robinson, 35 S. W. Rep., 327; Dixon v. Zadek, 59 Texas, 529; Zurcher v. Krohne, 63 Texas, 118; St. Louis Type Foundry v. Taylor, 65 S. W. Rep., 677; Cleveland v. Tufts, 69 Texas, 583.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action for the trial

of the right of property brought under the statute regulating such proceedings.

An execution, issued upon a judgment in favor of appellant against R. L. Warren, was levied upon the property in controversy on November 1, 1904, by A. W. Phillips, constable for precinct number one of Houston County. On the 9th of November, 1904, the defendant in said judgment, R. L. Warren, as agent of appellee, filed with said officer a claimant's affidavit and bond and the property levied upon was thereupon delivered to appellee. At the succeeding May term of the County Court of Houston County, in which the proceedings thus instituted were pending, the following judgment was rendered quashing the bond and dismissing the case at the cost of appellee:

"On this day came on to be heard the motion of plaintiff H. Kempner to dismiss the claim bond filed herein by the defendant, the First National Bank of Crockett, and the court after hearing the motion read, the law and argument of counsel, is of the opinion that the law is in favor of said motion, and that claim bond should be quashed and suit dismissed.

"It is therefore ordered, adjudged and decreed by the court that said claim bond be quashed, and that this suit be dismissed at the cost of the claimant (defendant), the First National Bank of Crockett.

"It is further ordered, adjudged and decreed by the court that the plaintiff, H. Kempner, and the officers of court have their judgment against the defendant, the First National Bank of Crockett, for all costs in this behalf incurred and expended for which they may have execution."

On July 18, 1905, after the adjournment of the term of the court, appellee filed in said cause a new affidavit and bond in lieu of those filed on November 9 and which had been quashed at the May term, as before stated.

At the succeeding November term of the court, without any order of the court having been made setting aside the former judgment and reinstating the cause, it was again called for trial, whereupon the appellant filed a motion to dismiss the proceedings on the ground, among others, that the judgment rendered at the May term dismissing the case not having been set aside or appealed from was a final judgment and was *res adjudicata* of the claimant's right to the property in controversy. This motion was overruled and upon a trial of the cause upon its merits on December 2, 1905, the following judgment was rendered:

"This day this cause coming on to be heard, the parties, plaintiff and defendant, appeared in court by counsel and announced ready for trial, whereupon came on to be heard the exceptions and motion of plaintiff filed herein on this date to dismiss the second or amended affidavit and bond for the trial of the rights of property in controversy filed in this cause on July 18, A. D. 1905, and the court having heard said exceptions and motion, and finding that at the time the order of dismissal herein was made at the May term, A. D. 1905, of this court, the court, at defendant's request and in the presence and with the acquiescence of plaintiff's counsel, reserved to the defendant the right to file in this cause an amended or a new claim bond, or both an affidavit and bond, as it might see proper, if it could produce authorities to satisfy the court that it had

the legal right to so amend or file such new papers, leave having already been granted defendant by the court to do so upon showing such authority, and the court then instructed defendant's counsel that he could file such amendment or new papers at his convenience and the argument thereon could be made and the authorities presented at some subsequent term of said court, without the formality of a motion to reinstate said cause, which was done, and the court after hearing the authorities presented by defendant and after hearing the arguments thereon found that the filing of such new papers was authorized by law and permitted the cause to remain on the docket; and the court further finding that, at the time of the filing of said new papers, and at the time of such permission to so amend or file such new papers was given to defendant, A. W. Phillips had ceased to be the constable of precinct number 1 of this county, and had been succeeded by O. B. Hale as such officer; therefore, the court overruled the said exceptions and motion, to which ruling of the court plaintiff duly excepted. And the cause coming on for hearing on its merits, and no jury being demanded by either party, the issues of fact as well as of law were submitted to the court, and the court having heard the pleadings and evidence, and also the argument of counsel, and having duly considered the same, is of the opinion that the law is with the defendant.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, H. Kempner, take nothing by his suit against the defendant, the First National Bank of Crockett, and that the title to the crossties, the property in controversy, be and the same is hereby adjudged to be in the defendant, and forever quieted, and that the defendant go hence without day and have and recover of the plaintiff all costs of this suit, for which let execution issue.

"It is further ordered that the officers of court have execution against each party respectively for all costs by each herein incurred. To all of which the plaintiff fully excepts, and in open court gives notice of appeal to the Honorable Court of Civil Appeals of the First Supreme Judicial District of Texas, and is allowed 20 days after the adjournment of this term of this court within which to file a statement of facts and bills of exceptions."

The trial court erred in not sustaining appellant's motion to dismiss the proceedings. The judgment rendered at the May term of the court was by its terms a final judgment, and unless set aside on motion for new trial or upon appeal was conclusive of appellee's right to recover the property. The record shows that this judgment was not set aside by any order of the court made during the term at which it was rendered, and the power of the court to set aside, except upon equitable grounds set up in a suit brought for that purpose, terminated with the adjournment of the term of the court at which it was rendered. (Luther v. Western U. Tel. Co., 1 Texas Ct. Rep., 429; Overton v. Blum, 50 Texas, 417.)

Appellee's right to have filed an amended affidavit and bond may be conceded, but the judgment quashing the proceedings did not grant such right but ordered the suit dismissed at appellee's cost. It is well settled that a judgment sustaining a general demurrer is *res adjudicata.* (Graham v. Vining, 1 Texas, 671; Girardin v. Dean, 49 Texas, 243; Dixon v. Zadek, 59 Texas, 529; Parker v. Spencer, 61 Texas, 155; Bomar v.

Parker, 68 Texas, 435.) The ruling of the trial court sustaining the exceptions to the bond and dismissing the suit was in effect a judgment sustaining a general demurrer to the proceedings and under the authorities above cited must be held *res adjudicata.*

The finality of the judgment was not affected by the fact that the court at the time it was rendered reserved the right to set it aside at the next term provided the attorneys for appellee could produce authority sustaining the right to amend. As before said, the power of the court to set aside the judgment, except upon equitable grounds, ceased with the adjournment of the term and the judgment then became final and conclusive according to its terms.

For the reasons indicated the judgment of the court below is reversed and judgment here rendered dismissing appellee's suit.

*Reversed and rendered.*