JARRATT v. McCARTY. (No. 7626.)

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1918. Rehearing Denied Jan. 23, 1919.)

1. JUDGMENT ⬤⟿17(8)—PROCESS TO SUPPORT—RECONVENTION—"SUIT."

Where plaintiff's action against defendant for breach of contract was, on the latter's plea of privilege, transferred to the county of defendant's residence, held that, where no citation on defendant's subsequently filed plea of reconvention was served on plaintiff, a judgment cannot be rendered for defendant against plaintiff who failed to appear when the case was called for trial in the county to which it was transferred, for a plea in reconvention or a cross-bill is a suit within Vernon's Sayles' Ann. Civ. St. 1914, art. 1885, declaring that no judgment shall in any case be rendered against any defendant unless upon service of process, etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

2. PROCESS ⬤⟿4—NECESSITY—RECONVENTION.

While plaintiff in an action for breach of contract is charged with notice of any pleading filed by defendant in answer to his claim, plaintiff is not required to anticipate and take notice of any claim which defendant may assert against him by plea in reconvention.

Appeal from Colorado County Court; E. B. Mayes, Judge.

Action by C. D. Jarratt against A. M. McCarty. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Norman, Shook & Gibson, of Rusk, for appellant.

Wurzbach & Wirtz, of Sequin, for appellee.

PLEASANTS, C. J. This suit was brought by appellant in the county court of Cherokee county to recover damages for the alleged failure of appellee to comply with a contract made by him with appellant for the sale of a carload of potatoes. At the time of filing this petition plaintiff sued out a writ of garnishment against the First National Bank of Jacksonville, seeking thereby to subject to the payment of plaintiff's claim an alleged indebtedness of said bank to defendant.

Appellee appeared in said court and presented a plea of privilege to be sued in Colo-

rado county, the county of his residence, and, subject to said plea, answered by general and special exceptions to plaintiff's petition, and by general and special denials of the plaintiff's allegations. This answer contained no plea in reconvention, and asked for no affirmative relief of any kind.

Upon the hearing of the plea of privilege on March 12, 1917, it was sustained by the court and the suit transferred to the county court of Colorado county. The record from Cherokee county was filed in the county court of Colorado county on March 16, 1917.

Defendant, on April 9, 1917, in term time and with leave of the court, filed an amended answer which, in addition to the exceptions and denials in his original answer, contained a plea in reconvention alleging that the writ of garnishment was wrongfully, illegally, and maliciously sued out by plaintiff, and praying for the recovery against plaintiff of actual and exemplary damages in the sum of $500 and $400, respectively.

No citation was issued upon this plea in reconvention, and no notice of its filing was served upon plaintiff.

On the 13th day of April, 1917, the cause was called for trial in the county court of Colorado county, and plaintiff failed to appear. Thereupon the court proceeded to hear the case, and rendered judgment against plaintiff on his claim for damages and in favor of defendant on his claim against plaintiff for the sum of $500, actual damages for the wrongful suing out of the writ of garnishment.

[1, 2] Under appropriate assignments of error appellant assails the judgment on the ground that the court below was not authorized to render judgment against him in favor of appellee on the latter's plea in reconvention, because no citation thereon had been issued and served upon appellant, and he had not waived nor accepted service, and had made no appearance in said cause.

We think the. assignments should be sustained. Our statute declares:

"No judgment shall, in any case, be rendered against any defendant unless upon service, or acceptance, or waiver of process, or upon appearance by the defendant." Article 1885, Vernon's Sayles' Civil Statutes.

It is well settled by the decisions of our Supreme Court that a plea in reconvention or a cross-bill is a suit or case in the purview of this statute. The defendant in the suit in which the plea in reconvention is filed becomes the plaintiff in the case made by the plea, and the plaintiff in the suit is the defendant in such case. The appellant in his petition in this case called the defendant into court to answer a claim for damages for breach of contract for the sale of a carload of potatoes. Plaintiff was charged with notice of any pleading of defendant in answer to plaintiff's claim, but was not required to anticipate and take notice of any claim that defendant might assert against him in said suit. The rule which requires service of notice to defendant of a new cause of action set up by the plaintiff in an amended petition applies with equal force in favor of the plaintiff when the defendant, by a plea in reconvention or cross-bill, sets up new matter not embraced in his defensive pleading and seeks affirmative relief therein. Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172.

We think the case cited determines the question presented by this appeal in appellant's favor, and cannot agree with appellee that it tends to sustain the judgment of the trial court. The fact that in the opinion in the Harris Case the court notes the exception to the rule as to sureties upon bonds given to secure ordinary process does not sustain appellee's contention that the exception also exists as to the plaintiff when the plea in reconvention is for damages for wrongfully suing out the process.

The exception as to sureties on injunction and other statutory bonds given to secure the issuance of process is predicated upon the long-settled construction of the statute regarding such bonds, that such statute contemplated that the sureties should be held liable for any damages caused by suing out the process without being made a party to the suit or being served with notice of the defendant's claim for damages. By the terms of the bond the sureties assume liability for any damages caused by plaintiff's wrongful use of the process, and any judgment rendered against the plaintiff for such damages can be also rendered against them; but it does not follow from this rule that the statute before quoted will not protect the plaintiff in such suit against a judgment which was rendered against him without service, acceptance, waiver of process, or appearance in the case made by the defendant's claim for damages.

We are of opinion that the judgment of the trial court should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.