## TEXAS LIFE INS. CO. v. BLACK.
### (No. 1894.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 25, 1922. Rehearing Denied Feb. 22, 1922.)

1. Pleading ⬯301(3)—Plea of privilege in which facts are not stated on information and belief, sufficient.

Sufficiency of plea of privilege, in which the facts stated were not alleged on information and belief, held not affected by verification that "plea is true in substance and in fact, except as alleged from information and belief," since quoted words should be treated as surplusage.

2. Pleading ⬯111—Plea of privilege deprives court of jurisdiction except to change place of trial in absence of controverting affidavit.

When a formal plea of privilege to be sued in the county of one's residence is filed under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, and has been verified as required by such statute, the trial judge is deprived of further jurisdiction in the case, except to order it transferred to the proper jurisdiction, unless the adverse party files a controverting affidavit, as required by the statute.

Error from Cottle County Court; W. J. Arrington, Judge.

Suit by Ernest Black against the Texas Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

James M. Whatley, of Paducah, and Burgess, Burgess, Chrestman & Brundidge, of Dallas, for plaintiff in error.

Clifford Graves, of Paducah, for defendant in error.

HALL, J. [1, 2] Defendant in error, Black, sued plaintiff in error, the Texas Life Insurance Company, to recover $376.90, which he alleges he paid to the insurance company upon an application for a policy of life insurance in the sum of $10,000. His action is based upon a receipt for the money, issued to him by the company, reciting as follows:

"If a policy be not issued on the application and examination received by the company at its home office (and only in that event) the sum above mentioned will be returned on surrender of this receipt to the company."

He alleges that the company refused to issue the policy or to return him said sum which had been paid as an advance premium. The insurance company filed its plea of privilege, which in form complies with the requirements of article 1903, Vernon's Ann. Civ. St. Supp. 1916. The plea is verified by S. D. Tant, as appears from the following affidavit and jurat:

"The State of Texas, County of Dallas. Before me, the undersigned authority, on this day

---

personally appeared S. D. Tant, who, being by me duly sworn, states on oath that he is the duly authorized agent of the Texas Life Insurance Company, defendant in the above entitled and numbered cause, and that the above plea is true in substance and in fact, except as alleged from information and belief, and as to such allegations he verily believes them to be true. [Signed] S. D. Tant. Sworn and subscribed to before me, this the 12th day of May, A. D. 1921. Alice Young, Notary Public, Dallas County, Texas. [Seal.]"

This plea was duly filed and at the same term of the court was excepted to upon the ground: (1) That S. D. Tant nowhere states the capacity in which he makes the affidavit, or that he is an officer of the Life Insurance Company; and (2) that the plea is insufficient, in that the affiant makes affidavit from information and belief, and so states, that the facts are true from information and belief. At the same term of the court, without notice to the defendant company, the court sustained the exceptions and rendered judgment for the amount sued for. The affidavit signed by Tant is a sufficient verification of the plea, without the statement "except as alleged from information and belief," etc. There are no facts in the plea of privilege stated upon information and belief, and this part of the affidavit should have been treated by the trial judge as surplusage. Omitting this part, the plea in all things complied with the requirements of the statute, and the rule is that when a formal plea is filed under the above article and has been verified, as thereby required, the trial judge is deprived of further jurisdiction in the case, except to order it transferred to the proper jurisdiction, unless the adverse party files a controverting affidavit, as required by the article. Craig v. Pittman & Harrison Co., 234 S. W. 1112, and the authorities there cited. The judgment is therefore reversed, and the cause remanded, with instructions to the trial court to transfer the case to the proper court of McLennan county, unless a controverting affidavit is duly filed, as required by the statute.

Reversed and remanded, with instructions.

---

⬅⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 29, 1922.