# JANUARY, 1925.

J. L. MAXWELL v. R. W. HALL, CHIEF JUSTICE, ET AL.

No. 6387.   Decided January 7, 1925.

(267 S. W., 670).

**1.—Jurisdiction of Supreme Court—Writ of Error.**

Under article 1591, Revised Statutes, as amended by the Act of February, 1923, (Laws, 38th Leg., p. 110) the final jurisdiction of the Courts of Civil Appeals over cases within the original jurisdiction of the County Court does not extend to those involving conflicts of its ruling with the decisions of other Courts of Civil Appeals. In case of such conflict its judgment may be reviewed by the Supreme Court on writ of error, since the law was so amended. (P. 321).

**2.—Same—Conflicting Decisions—Mandamus.**

Mandamus will not lie to require the Court of Civil Appeals to certify a question because of conflict in rulings where the applicant had the right to have such rulings reviewed by the Supreme Court on writ of error, though the statute (Rev. Stats. art. 1623) requires them, in such case, to be certified. (Pp. 321, 322).

Motion for leave to file in the Supreme Court a petition for writ of mandamus requiring the Court of Civil Appeals for the Seventh District to certify questions determined by it in the case of Maxwell v. Winner Gas Stove Co. (263 S. W., 944) because of conflict with other decisions.

*Bonner, Bonner & Sanford,* for relator, on motion for rehearing, which was overruled.

This honorable court correctly construes Art. 1623 as amended, and states that it is thereby made the duty of the Court of Civil Appeals to certify to this court questions of law which are in conflict with a prior decision of the Supreme Court or some other Court of Civil Appeals; but concludes that it will not require the Court of Civil Appeals to perform this plain, statutory duty by the extraordinary writ of mandamus, and while there is considerable authority for, and it may be that the weight of authority supports, the proposition that the writ of mandamus, though admittedly a legal remedy outright, will not be granted when there is some other definite, specific, statutory remedy, yet this rule is not followed in all jurisdictions, and we think is not supported by reason, if it be once admitted that the duty sought to be enforced by mandamus is a plain one and does not involve discretion. The writ of mandamus is of ancient origin (3 Black Com., 110). It is essentially a legal writ. Bailey, Habeas Corpus, Mandamus, etc., vol. 2, p. 773. Relief by mandamus cannot be granted in equity, but only in law. Smith v. Bourbon County, 127 U. S., 105, 32 L. Ed., 73. It will always be granted where the duty sought to be compelled is clear and absolutely and directly imposed by law. People v. Superior Court, 114 Cal., 466; People v. Pratt, 28 Cal., 166.

MR. JUSTICE PIERSON delivered the opinion of the court.

This is an original proceeding in this Court in which relator has filed a motion for leave to file a petition for writ of madamus against the Honorable Court of Civil Appeals for the Seventh Supreme Judicial District, making Winner Gas Stove Company, a corporation, a party defendant.

Relator alleges that on April 25, 1923, Winner Gas Stove Company took judgment against him by default in the County Court of Wichita County on an open account for $388.80; that thereafter on the 21st day of May, 1924, on application for writ of error the Honorable Court of Civil Appeals for the Seventh Supreme Judicial District affirmed said county court judgment, and that its decision is in conflict with prior decisions of other Courts of Civil Appeals, of the Supreme Court, and of the Commission of Appeals of Texas, setting out the cases with which conflict is alleged and the points of the alleged conflict.

He alleges that he is without a remedy, except by mandamus, in that this Court has no jurisdiction to hear or consider his application for a writ of error, and therefore he is entitled to have a writ of mandamus requiring the respondents, Judges of the Court of Civil Appeals, to certify to this Court the questions of law involved in the alleged conflicts.

Under the amendment to Article 1591, Revised Statutes, passed by the Thirty-eighth Legislature in 1923, relator has an adequate remedy at law, in that he may have the question as to whether or not there is a conflict between the decisions reviewed and adjudged by this Court upon application for writ of error.

Formerly Article 1591 read:

"The judgments of the courts of civil appeals shall be conclusive on the law and fact, nor shall a writ of error be allowed thereto from the supreme court in the following cases, to-wit:

"1. Any civil case appealed from a county court or from a district court, when, under the constitution, a county court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the state or the validity of a statute. * * * "

The Thirty-eighth Legislature amended it so that it now reads:

"The judgments of the courts of civil appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the supreme court in the following cases, to-wit:

"1. Any civil case appealed from a county court or from a district court, when, under the Constitution, a county court would have had original or appellate jurisdiction to try it, except in probate matters and in cases involving the revenue laws of the state or the validity or construction of a statute or cases involving conflicts between decisions of the courts of civil appeals or between a decision of a court of civil appeals and a decision of the supreme court. * * * *"

The amendment was intended to, and does, except from the class of cases over which the judgment of the Court of Civil Appeals is final, cases involving conflict which are within the original or appellate jurisdiction of the County Court.

It is true that Article 1623 of the Statutes makes it the duty of a Court of Civil Appeals to certify to this Court questions of law which are in conflict with a prior decision of the Supreme Court or some other Court of Civil Appeals; but this Court will not by the extraordinary writ of mandamus require that duty to be performed and will not upon petition for mandamus determine in any given case whether or not such a conflict in fact exists, where the case is reviewable by this Court upon application for writ of error.

It is only in a case where the jurisdiction of a Court of Civil Appeals is final and a duty rests upon such court to certify the case to the Supreme Court that a writ of mandamus will lie to require a certification. The writ is necessary and authorized in order to enforce the jurisdiction of the Supreme Court in such case. Warren v. Willson, Chief Justice, 108 Texas, 263, 192 S. W., 529; McCurdy & Daniels v. Conner, Chief Justice, 95 Texas, 246, 66 S. W., 664.

114 Tex. Sup.—21.

In the case of State v. Fisher, 94 Texas, 491, 62 S. W., 540, in which one of the judges of the Court of Civil Appeals dissented, the Supreme Court held that a mandamus will not lie to compel a Court of Civil Appeals to certify a dissent, where a writ of error could be sued out and the judgment, if erroneous, could be corrected by the Supreme Court. There was a plain remedy without recourse to mandamus. In that case this Court said:

"Whether or not it is the duty of the court to certify the point of dissent we do not find it necessary to decide. For the purposes of this opinion, it may be conceded that it is. The writ of mandamus will not be issued where the party complaining has another plain, adequate, and complete remedy by due course of law. State v. Morris, 86 Texas, 226, and cases cited: Ark. B. and L. Assn. v. Madden, 91 Texas, 461."

Relator having the right to be heard on application for writ of error, the motion for leave to file a petition for mandamus is denied.