**FEDERAL SUPPLY CO. v. BAILEY. ***
(No. 289.)

(Court of Civil Appeals of Texas. Waco. Nov. 26, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Dismissal and nonsuit ⬤═19(3)—Rule as to dismissal of cross-action on plaintiff's motion stated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955, court on plaintiff's motion to dismiss cause should not dismiss cross-action over defendant's protest and without his consent.

**2. Dismissal and nonsuit ⬤═39—Order held effective as dismissal of both plaintiff's cause of action and defendant's cross-action.**

Order on plaintiff's motion that cause "be and the same hereby is dismissed at plaintiff's

---

cost * * *" *held* a complete and final judgment, having effect of dismissing cross-action, as well as plaintiff's cause of action, though dismissal of cross-action was improper, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1955.

**3. Judgment ☞570(1)—Order of dismissal is final judgment, until set aside or reversed on appeal.**

Order of dismissal is a final judgment, and remains judgment of court until set aside or reversed on appeal.

**4. Pleading ☞111—Court held to have erroneously heard issue raised by affidavit controverting plea of privilege without notice to party making plea.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1885 and 1903, court which failed to make any notation on affidavit controverting plea of privilege fixing time for hearing *held* to have erroneously heard matter and overruled plea without notice to party making it.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by the Federal Supply Company against J. F. Bailey, wherein defendant filed cross-action, and wherein plaintiff, after voluntary dismissal, filed plea of privilege in defendant's cross-action. From an order overruling its plea of privilege, and from a default judgment entered in such cross-action, plaintiff appeals. Judgment reversed, and cause remanded.

Garland Tunstill and Clay Cooke, both of Fort Worth, for appellant.

W. V. Dunnam and Tom Shires, both of Waco, for appellee.

BARCUS, J. In September, 1924, appellant filed suit in the district court of McLennan county against appellee. Citation was issued thereon and duly served for the October term of said court. On December 13, 1924, appellee in said cause filed his amended answer, and in said answer filed a cross-action against appellant. On the 17th of December citation was issued on said cross-action, and duly served on appellant December 19th, commanding appellant to appear at the February term, 1925, of said court to answer said cross-action. On December 17, 1924, whether before or after the citation was issued the record fails to disclose, the trial court entered the following order:

"On this, the 17th day of December, 1924, upon request of plaintiff herein, ·it is ordered, adjudged, and decreed by the court that the above-numbered and entitled cause (being No. 6438, Federal Supply Company v. Dr. J. F. Bailey) be and the same is hereby dismissed at plaintiff's cost, for which execution may issue."

On January 30, 1925, appellant filed its plea of privilege in statutory form, claiming its right to have the cause transferred to Tarrant county, the place of its domicile. On February 9th, the first day of the February term of court, appellee filed his controverting affidavit to appellant's plea of privilege. Said controverting affidavit was not presented to the trial court, and no notation was made by the trial court as to when the plea would be heard. On March 30, 1925, the trial court heard the plea of privilege and controverting affidavit, overruled same, and entered judgment by default in favor of appellee on his cross-action against appellant for the sum of $5,505.40. Appellant learned of said judgment being entered the day thereafter, and promptly filed its motion, asking to be heard on its plea of privilege, and requesting that same be granted, which the court overruled. Appellant on the same day, without waiving its plea of privilege, filed its motion for new trial, which was overruled, and appellant appealed from the order overruling the plea of privilege as well as the judgment of the court rendered against it in favor of appellee.

[1-3] Appellant, by various assignments of error, contends that the order of the District Court entered on December 17th is a final judgment, disposing of the entire cause, including the defendant's cross-action. We recognize the provisions of article 1955 of Vernon's Sayles' Ann. Civil Statutes of 1914, which provides that the plaintiff at any time may take a nonsuit, but shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. The trial court should not have dismissed appellee's cross-action over his protest or without his consent. Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100; Leverette v. Rice (Tex. Civ. App.) 151 S. W. 594. The trial court, however, in entering said order did, as a matter of fact, as we construe same, dismiss not only the plaintiff's cause of action but the defendant's cross-action. As entered on the minutes of the trial court, the judgment recites that the cause is dismissed, and nothing was left of same to be disposed of. There was no exception taken to said judgment, and no appeal therefrom. An order of dismissal is a final judgment, and remains the judgment of the court, and is binding on all parties until same is set aside by that court or reversed on appeal. 9 R. C. L. 191; Black on Judgments, vol. 1, p. 32; Brackenridge v. State, 27 Tex. App. 513, 11 S. W. 630, 4 L. R. A. 360; Fones v. Rice (Tex. Civ. App.) 35 S. W. 44; Kempner v. First Nat. Bank, 44 Tex. Civ. App. 500, 99 S. W. 112; Hutchison v. Robert Hamilton & Son (Tex. Civ. App.) 234 S. W. 417; Howeth v. Clark (Tex. App.) 16 S. W. 175; Moore, Mayfield Co. v. Missouri, K. & T. R. Co. 35 Tex. Civ. App. 607, 80 S. W. 881; Brown v. Pfouts, 53 Tex. 221.

Appellee contends the order entered on the

minutes on December 17th did not have the effect of dismissing his cross-action, because it states it was made at plaintiff's request, and that plaintiff could not have the entire suit dismissed. We cannot agree with appellee's contention. The wording of the order is a complete and final judgment by the court. It does not leave any feature or part of the cause to be disposed of in the future. Under the statutes only one final judgment can be entered in a cause.

After the trial court had entered its order above set forth dismissing said cause, appellant was served with citation to answer appellee's cross-action. In Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172, the Supreme Court held:

"The cross-bill, as an independent action, was as fully under the control of the defendant as was the original suit subject to the will of the plaintiffs, and it follows logically that the same means should have been used to call upon the defendants to the cross-bill to answer its charges as were required by law to compel the defendant in the original suit to appear and plead to that complaint."

Article 1885 of Vernon's Sayles' Ann. Civil Statutes of 1914 provides:

"No judgment shall, in any case, be rendered against any defendant unless upon service, or acceptance, or waiver of process, or upon an appearance by the defendant."

[4] The only cause of action, if any, before the trial court at the time citation was served on the appellant was the suit by appellee against appellant, and for all intents and purposes it had become and was a suit by appellee as plaintiff against appellant as defendant. Harris v. Schlinke, supra; Jarratt v. McCarty (Tex. Civ. App.) 209 S. W. 712. Appellant as the defendant in said cause, under article 1903 of Vernon's Sayles' Ann. Civil Statutes, filed its plea of privilege, and the filing thereof constituted prima facie proof of its right to a change of venue, and, until a controverting affidavit was filed, and the court had made a setting of the hearing thereon, and appellant had been notified thereof, as required by said statute, the court was without power to make any order except one transferring the cause under said plea of privilege. Denby Truck Co. v. Thompson (Tex. Civ. App.) 248 S. W. 427; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Texas Life Ins. Co. v. Black (Tex. Civ. App.) 237 S. W. 622. Since it appears affirmatively that the trial court did not make a notation on the controverting affidavit to the plea of privilege of the setting thereof, and the appellant was not served with a notice of the setting as is required by said statute, and did not enter its appearance, it was error for the trial court to hear and overrule said plea of privilege and enter judgment against appellant. The trial court should have set its judgment and order overruling said plea of privilege aside and given appellant an opportunity to be heard thereon.

Our disposition of this cause makes it unnecessary to pass upon the other questions presented by appellant's brief.

The judgment of the trial court is reversed and the cause is remanded.