**KETNER et al. v. J. M. RADFORD GRO-CERY CO.   (No. 290.)**

Court of Civil Appeals of Texas. Eastland.
April 8, 1927.

Rehearing Denied May 27, 1927.

**1. Pleading ⬅111—Affidavit controverting defendants' pleas of privilege was not proof, but merely entitled plaintiff to prove facts alleged (Rev. St. 1925, art. 1995, exception No. 5).**

In action on note in which defendants filed pleas of privilege to be sued in county of their residence, controverting affidavit, based on Rev. St. 1911, art. 1830, exception No. 5 (Rev. St. 1925, art. 1995), that note was payable in county of suit, was not proof of anything, but merely pleading entitling plaintiff to make proof of facts alleged therein.

**2. Pleading ⬅111—Plaintiff must make prima facie showing on question of venue that note was payable in county of suit as against plea of privilege.**

In action on note in which defendants filed plea of privilege to be sued in county of residence, plaintiff had burden of making prima facie showing on question of venue that defendants contracted in writing to pay note in county of suit.

**3. Pleading ⬅304—Where plea of privilege denies under oath execution of note declared on defendants were not required to introduce further evidence or reply to controverting affidavit.**

In suit on note in which defendants filed plea of privilege to be sued in county of residence, plea of privilege to be sued in county of residence was denial under oath that they executed note declared on, and defendants were

not required to introduce any evidence or file reply to controverting affidavit.

**4. Pleading ⬅111—On plea of privilege evidence other than note sued on is necessary to make prima facie case of execution of instrument.**

On trial of question of venue, a proper plea of privilege containing statutory requirements is plea of non est factum, effect of which is to rob instrument sued on of any probative force to prove its own recitals as to venue, and requires evidence aliunde to make prima facie case of execution of instrument.

**5. Pleading ⬅111—Transfer of suit on note on defendants' plea of privilege to be sued in county of residence held required, where plaintiff proved note alone.**

In suit on note, in which defendants filed plea of privilege to be sued in county of residence, evidence of note alone was insufficient to make prima facie showing that defendants contracted to pay note in county of trial, and on failure to otherwise prove that defendants executed note, trial judge was under duty to transfer venue of case.

**6. Pleading ⬅111—Proof of note, though unobjected to on issue of venue, held not to raise issue of fact whether defendant, filing plea of privilege, executed note.**

In suit on note, in which defendants filed plea of privilege to be sued in county of residence, proof of note alone did not raise issue of fact as to whether defendants executed note, though no objection was made to introduction of note.

**7. Pleading ⬅111—Plea of privilege, together with reply and uncontradicted testimony showing place of payment was changed on note without defendant's knowledge, required sustaining of plea.**

In suit on note, in which defendant filed plea of privilege to be sued in county of residence, reply to controverting affidavit, alleging that place of payment had been altered on note after execution, together with plea of privilege and uncontradicted testimony showing alteration without defendants' knowledge or consent, necessitated sustaining of pleas of privilege.

**8. Venue ⬅78—Suit on note in which part of defendants filed pleas of privilege must be transferred as whole, not in part.**

In suit on note, in which part of defendants filed pleas of privilege to be sued in county of residence, case not capable of severance could not be transferred on plea of privilege in part, but must be transferred as a whole, plaintiff not being entitled to sue part of makers in one county and part in another.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by the J. M. Radford Grocery Company against J. E. Ketner and others. Defendants' pleas of privilege were overruled, and they appeal. Judgment set aside, and case remanded, with instructions to transfer cause.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Smith & Harris, of Snyder, for appellants.

Davidson & Hickman, of Abilene, for appellee.

HICKMAN, J. Appellee was plaintiff below and appellants were defendants below. They will be so designated in this opinion. Plaintiff sued six defendants in the district court of Taylor county upon a promissory note. The defendants Gay McGlaun and W. H. Graham filed pleas of privilege in statutory form to be sued in Scurry county, the county of their residence. The defendant J. B. Adams filed a plea of privilege in statutory form to be sued in Dawson county, the county of his residence. The other defendants filed no pleas of privilege. The plaintiff controverted the pleas of privilege, alleging that exception No. 5 of article 1830, Rev. St. 1911, (now article 1995 [Rev. St. 1925]) obtained in the case, because the note sued upon was a written obligation payable in Abilene, Taylor county, Tex. The defendants, who had filed pleas of privilege, replied to the controverting affidavit, alleging in substance that when they executed the instrument sued upon the same was payable at the First National Bank of Snyder, Tex.; that said note was executed by them for the purpose of enabling J. E. Ketner, one of the defendants, to borrow money from an individual in Snyder; that thereafter Ketner drew lines through the provision of the note with regard to the place of payment and substituted therefor Abilene, Tex., without the knowledge, acquiescence, or consent of said defendants, and with the knowledge, acquiescence, and consent of the representative and agent of the plaintiff.

Upon a trial of the plea of privilege matter the plaintiff introduced in evidence the note declared upon and rested its case. The defendants then placed witnesses upon the stand, who testified to the facts substantially as pleaded in their reply to the controverting affidavit. At the conclusion of the evidence the court overruled the pleas of privilege, and the only question before this court is the action of the trial court in overruling these pleas.

[1-5] Plaintiff's right to maintain this suit in Taylor county must rest upon the ground alleged by it in its controverting affidavit; namely, that the defendants executed an instrument in writing performable in Taylor county. Its controverting affidavit was not proof of anything, but was merely a pleading entitling it to make proof of the facts therein alleged. The burden was on it to make a prima facie showing that the defendants had contracted in writing to pay the note in Taylor county. To meet this burden the plaintiff introduced only the note. No witness was placed upon the stand by it, nor were any circumstances introduced in evidence raising the question as to whether or not the defendants executed this note. In our opinion it was not necessary for the defendants to introduce any evidence, nor was it necessary for them to file any reply to the controverting affidavit. The plea of privilege was a denial under oath that they executed the instrument declared upon. On the trial of a question of venue a proper plea of privilege containing the statutory requirements is a plea of non est factum, the effect of which is to rob the instrument relied upon of any probative force whatever to prove its own recitals as to venue, and evidence aliunde must be offered to make a prima facie case of the execution of the instrument. That evidence was wholly lacking in this case, and it became the duty of the trial judge, when the plaintiff rested, to enter an order transferring the venue of this cause.

[6] Plaintiff insists that an issue of fact was raised by the evidence as to whether or not defendants executed the note in controversy. We cannot assent to this proposition. Plaintiff made no prima facie case. It introduced nothing except a predicate for the introduction of evidence, if any it had. It is of no consequence that defendants did not object to the introduction of the note. It had been robbed of its probative value on the issue involved, and failure to object to its introduction did not restore that value.

[7] But, if there should be any doubt as to the correctness of the views which we have announced above, it nevertheless seems to us that there could be no doubt as to the correct disposition to be made of this case, because the reply to the controverting affidavit was a plea of non est factum, and such reply, together with the plea of privilege, certainly robbed the note of all of its probative value to prove itself. The uncontradicted testimony showed that this note had been changed by Ketner after appellants signed it, and without their knowledge, acquiescence, or consent. This pleading and evidence would certainly necessitate the sustaining of the pleas of privilege.

[8] Plaintiff insists that since it has venue of the defendants who did not file pleas of privilege and has acquired some character of vested right to maintain a suit in Taylor county against such defendants, that it would be inequitable to transfer the entire cause to Scurry county. We know of no rule of law that would permit plaintiff to sue three of the makers of a note in Taylor county and the other three in Scurry county. There can be but one final judgment on this note, and, as we understand the law, the case cannot be transferred on plea of privilege in part, but must be transferred as a whole. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209.

In the case of Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218, cited by appellee in its motion for rehearing, the cause of action was severable. In this case there can be no severance.

The evidence probably raises a question as

to whether or not the defendant Adams ratified this transaction. An order transferring the case to Dawson county, the residence of Adams, might indicate that the issue of ratification was resolved against plaintiff. It is, therefore, our order that the judgment of the trial court be set aside, and that the case be remanded, with instructions to transfer this cause to the district court of Scurry county, Tex., in accordance with the prayer of the pleas of privilege of defendants McGlaun and Graham.