INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY
v. R. A. PLEASANTS, CHIEF JUSTICE, ET. AL.

Motion No. 7627. Decided June 22, 1927.
(296 S. W., 282).

**Certified Question—Mandamus—Conflicting Decisions.**

Mandamus will no longer lie to require the Court of Civil Appeals to certify to the Supreme Court a case appealed from the County Court on the ground of conflict of its decision with previous rulings. The party has now a complete remedy by writ of error, secured by Arts. 1821 and 1728, Revised Stat., 1925, and the former practice was based on the absence of such remedy. Maxwell v. Hall, 114 Texas, 319, followed. (Pp. 569, 570).

Motion by the Railway Company for leave to file in the Supreme Court a petition requiring the Court of Civil Appeals for the First District to certify a question.

*A. H. Spann* and *Andrews, Streetman, Logue & Mobley,* for relator.

The two opinions of this Court in Gulf, C. & S. F. Ry. Co. v.

Taylor, 277 S. W., 96, and 280 S. W., 542, are authorities for this character of proceedings.

Mr. Justice GREENWOOD delivered the opinion of the court.

On Motion for leave to file Petition for Mandamus.

Relator seeks by mandamus to compel the Galveston Court of Civil Appeals to certify to the Supreme Court a certain question of law determined by that Court on an appeal from a judgment of the County Court, it being contended that in the decision of the question the Court of Civil Appeals is in conflict with opinions of the Supreme Court and other Courts of Civil Appeals.

Though the clearest conflict were shown, this Court would not grant relator leave to institute a suit for mandamus to compel the certification of the question decided by the Court of Civil Appeals.

It is an elementary principle that mandamus does not lie where the relator has a speedy, plain, and complete remedy by writ of error, of which he fails to avail himself. Chief Justice Gaines declares the familiar rule in Hogue v. Baker, 92 Texas, 61, in saying: "It is true that ordinarily the writ of mandamus must be the last resort and it will not be allowed if there be further remedy which is adequate and complete."

Prior to the 1923 amendment of the Art. of the Revised Stat., now numbered 1855, 1821, and 1728, the jurisdiction of the Courts of Civil Appeals was conclusive on the law and facts and was final in any civil case appealed from the County Court. Camp v. Equitable Society of Belton, 108 Texas, 246.

It was because the jurisdiction of the Court of Civil Appeals was final and no writ of error could be issued for the review of its judgment, that the Supreme Court formerly awarded a mandamus to compel certification of questions involving conflicting decisions in cases appealed from the County Court. That the basis of our action in sustaining the right to mandamus in such cases was the want of authority in the Supreme Court to grant a writ of error is pointed out in Warren v. Willson, 108 Texas, 263, and Fruit Dispatch Co. v. Rainey, 111 Texas, 266, 232 S. W., 282.

Relator's case was decided by the Court of Civil Appeals in 1927. Articles 1821 and 1728, of the Revised Stat., authorized the Supreme Court to grant prompt and complete relief to review the decision now complained of if found to be in conflict with other decisions of the Supreme Court or in conflict with the decision of another Court of Civil Appeals.

We have already construed the present statutes as not supporting the remedy by mandamus from the Supreme Court for the correction of rulings reviewable by that Court on writ of error. Maxwell v. Hall, 114 Texas, 319, 267 S. W., 670. It makes no difference in the application of the rule whether the ruling of the Court of Civil Appeals is made in reviewing a judgment rendered by the County Court in the exercise of original or of appellate jurisdiction. Our ruling in Maxwell v. Hall, supra, and our refusal to permit the petition for mandamus now presented to be filed accords with the long established practice in this Court. Ewing v. Cohen, 63 Texas, 482; Steele v. Goodrich, 87 Texas, 401; State v. Fisher, 94 Texas, 491.

The motion for leave to file the petition is therefore overruled.