## BANKERS' HEALTH & ACCIDENT CO. OF AMERICA v. COLE.  (No. 7148.)

Court of Civil Appeals of Texas. Austin.
Oct. 12, 1927.

Rehearing Denied Oct. 26, 1927.

Pleading ⬤⇒111—Unless plaintiff files plea controvertiing plea of privilege, court has jurisdiction only to hear plea and transfer case if plea is sufficient (Rev. St. 1925, art. 2007).

Under Rev. St. 1925, art. 2007, making filing of plea of privilege prima facie proof of defendant's right to change of venue, unless plaintiff controverts plea within time prescribed and under oath, where defendant files plea of privilege, court is without further jurisdiction except to hear plea, and, if found sufficient, is required by statute to transfer case.

Appeal from Coleman County Court; C. L. South, Judge.

Action by David H. Cole aginst the Bankers' Health & Accident Company of America. From a judgment for plaintiff, defend-

ant appeals. Reversed and remanded, with instructions.

Snodgrass & Dibrell, of Coleman, for appellant.

H. L. Livingston, of Coleman, for appellee.

BLAIR, J. Appellee sued appellant on a sick benefit or health policy contract. Appellant filed a plea of privilege to remove the suit to Harris county, its place of domicile. The trial court overruled the plea, notwithstanding no controverting affidavit was filed by appellee. Subject to the plea of privilege, appellant answered formally and by pleas setting up special defenses. The case was tried to the court without a jury, and resulted in a judgment in favor of appellee for $159, the amount sued for, from which judgment this appeal is perfected.

The judgment must be reversed because of the action of the trial court on the plea of privilege. The statute providing for pleas of privilege and procedure thereunder makes the filing of such a plea "prima facie proof of the defendant's right to change of venue," and, unless plaintiff shall controvert the plea within the time prescribed and under oath, the court is without further jurisdiction except to hear the plea, and, if found sufficient, is required by the statute to transfer the case. Article 2007, R. S. 1925; Texas Life Ins. Co. v. Black (Tex. Civ. App.) 237 S. W. 622; Wallace v. Adams (Tex. Civ. App.) 243 S. W. 572; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; Comer v. Landrum (Tex. Civ. App.) 277 S. W. 743; Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 652; Sibley v. Continental Supply Co. (Tex. Sup.) 292 S. W. 155, denying writ of error in (Tex. Civ. App.) 290 S. W. 769; Citizens' Bank v. Alexander (Tex. Civ. App.) 274 S. W. 184.

The judgment will be reversed, and the cause remanded, with instructions to the trial court to transfer same in accordance with the plea of privilege filed.

Reversed and remanded with instructions.