the burglary the injured party described the alleged burglar, *held* harmless, where injured party testified to the same matters without objection.

Commissioners' Decision.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

G. A. Landry was convicted of burglary of a private residence, and he appeals. Affirmed.

F. G. Vaughn and David E. O'Fiel, both of Beaumont, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is burglary of a private residence; the punishment confinement in the penitentiary for five years.

B. B. Tolbert testified that appellant entered his private residence by force at 1:09 a. m. and took a pair of trousers belonging to him containing $3.25. The witness positively identified appellant as the intruder and testified that the light made by a flashlight carried by appellant showed that the lense was broken. He further testified to the color and kind of hat worn by appellant. On the night of the burglary a car belonging to appellant was found some 30 blocks from the house of the injured party. The engine was running. The officers went back later and the car was gone. Appellant's residence was searched, with the result that a flashlight with a broken lense was found. A hat was found in his restaurant which appeared to suit the description of the hat described as having been worn by appellant on the night of the burglary. Appellant relied upon an alibi.

[1] Numerous bills of exception are brought forward wherein complaint is made of the action of the trial court in permitting witnesses to testify as to what was found when appellant's house was searched. It is stated as a ground of objection that the affidavit for the search warrant was made on information and belief. No part of the affidavit appears in the bill of exception. When the error complained of is that the search was made without a valid warrant, the bill of exception is incomplete when it fails to set out the warrant in substance or in the detail. It is obvious that said bills are insufficient to manifest error. Fisher v. State, 108 Tex. Cr. R. 332, 1 S.W.(2d) 301.

[2] Appellant complains of the action of the court in permitting a witness for the state to testify, over his objection, that on the night of the burglary the injured party described to him the man who had burglarized his house. If such evidence was improperly admitted, its receipt was harmless. The injured party testified, without objection, that he described the party who entered his house to the officers immediately after the burglary had been committed. Thus the same testimony being in the record without objection, its receipt, if error, was harmless.

Finding no error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

---

GORBETT v. BERRYMAN & WATTERS.
(No. 3555.)

Court of Civil Appeals of Texas. Texarkana.
May 24, 1928.

Rehearing Denied May 31, 1928.

1. Pleading ⟐⟩111—Filing sufficient plea of privilege entitles defendant to transfer suit to county of his residence, in absence of sufficient controverting plea and proof (Rev. St. 1925, art. 2007).

Filing of plea of privilege, complying with requirements of Rev. St. 1925, art. 2007, entitles defendant interposing it to have suit against him transferred for trial on merits to county in which he resides, unless plaintiff files sufficient plea and proves matter set up therein showing right to maintain suit in county wherein commenced.

2. Pleading ⟐⟩104(2)—Plea of privilege, not showing that defendant was not resident of county when filed, was insufficient (Rev. St. 1925, art. 2007).

Plea of privilege, showing that defendant was resident of another county than that of venue when suit was filed and citation served, but not that he was not a resident of latter county when plea was filed, as required by Rev. St. 1925, art. 2007, was insufficient.

3. Venue ⟐⟩7—Suit on note was maintainable in county of defendant's residence at time of filing plea of privilege, whether payable there or not.

Suit on note was maintainable in county of defendant's residence when he filed plea of privilege, whether or not it was payable there.

On Appellant's Motion for Rehearing and Certification.

4. Courts ⟐⟩247(7)—Decision that plea of privilege, not showing that defendant was not resident of county when filed, was insufficient, held not in conflict with other Courts of Civil Appeals' decisions (Rev. St. 1911, art. 1903; Rev. St. 1925, art. 2007).

Decision that plea of privilege was insufficient under Rev. St. 1925, art. 2007, because not showing that defendant was not a resident of county of venue when he filed plea, *held* not in conflict with decision of another Court of Civil Appeals in case wherein facts and applicable statute (Rev. St. 1911, art. 1903) were different and decision following such decision in case like instant one without noting difference in statutes.

⟐⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Action by Berryman & Watters, a partnership, against R. Z. Gorbett and others. From an order overruling the named defendant's plea of privilege, he appeals. Affirmed.

This suit was commenced in the district court of Cherokee county, where the plaintiffs, Berryman & Watters, a partnership, appellees here, resided. It was to recover of appellant, R. Z. Gorbett, $3,421.30, alleged to be the amount unpaid of a promissory note made by him, and of J. F. Carr, Pete Wilson, Ellis Martin, W. J. Bothwell, C. J. Falmet Cotton Company, a partnership, the Chapman Milling Company, a corporation, and the Cotton Venter Gin Company, also a corporation, respectively, sums specified, as the value of corn and cotton alleged to have been converted by them, respectively, and to be covered by a mortgage made by Gorbett to secure the payment of said note. A plea of the Chapman Milling Company claiming a privilege to be sued in Grayson county, where it alleged it resided, was sustained, and the suit, so far as it was against said milling company, was transferred to said Grayson county. Like pleas by appellant, Gorbett, and by Carr, Wilson, and others of the defendants, were filed, and all of same, except Gorbett's, were sustained, and the suit as to all parties, except Gorbett and said Chapman Milling Company, was transferred to Hale county, where some of the defendants resided. Gorbett's plea claiming a privilege to be sued in said Hale county was overruled. This appeal by him is from the order overruling his said plea.

M. J. Baird, of Plainview, and Guinn & Guinn, of Rusk, for appellant.

Perkins & Perkins, of Rusk, for appellees.

WILLSON, C. J. (after stating the facts as above). [1-3] The contention of the appellant that it was error to overrule his "plea of privilege" to be sued in Hale county is on the theory that the plea was a sufficient one and that appellees failed to support by proof their controverting plea intended to show he was liable to be sued in Cherokee county. The law is that a plea of privilege complying with the requirements of the statute (article 2007, R. S. 1925) when filed entitles the defendant interposing it to have the suit against him transferred for trial on its merits to the county in which he resides, unless the plaintiff files a sufficient controverting plea and on the hearing thereof proves the matter set up therein showing a right in him to maintain the suit in the county in which he commenced it. Accident Co. v. Cole (Tex. Civ. App.) 300 S. W. 649, and authorities there cited. We will not undertake to determine whether the controverting plea was a sufficient one or not, nor, if it was, whether it was supported by proof or not (Ketner v. Grocery Co. [Tex. Civ. App.] 299 S. W. 680); for, if the decision as to both those matters was favorable to appellant, we would feel bound, nevertheless, to overrule his contention, on the ground that his plea of privilege was not sufficient, in that it did not appear therefrom, and the statute required it should, that appellant was not a resident of Cherokee county at the time he filed the plea. It appeared that appellant was a resident of Hale county, and not a resident of Cherokee county, at the time the suit was filed and at the time the citation issued therein was served upon him; but, for anything appearing to the contrary in his plea of privilege, he was a resident of Cherokee county as well as Hale county at the time same was filed. Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194. If he was then a resident of said Cherokee county, the suit against him was maintainable there without respect to whether the note sued upon was payable there or not, and the error of the trial court, if any, would appear to be in sustaining pleas of privilege interposed by other defendants to the suit, and not in overruling the plea of appellant. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963.

The judgment is affirmed.

### On Motion of Appellant for a Rehearing and to Certify.

[4] It is insisted that the conclusion reached by us that appellant's plea of privilege was insufficient because it did not appear therefrom that he was not a resident of Cherokee county at the time he filed same is in conflict with the decision of the San Antonio Court of Civil Appeals in Poole v. Oil Ass'n, 209 S. W. 706, and the decision of the Eastland Court of Civil Appeals in Slaughter v. Slaughter, 284 S. W. 350. Both those cases were considered at the time this one was decided. We thought the Poole Case was distinguishable from this one in its facts and in that the statute (article 1903, R. S. 1911) applicable in that case was materially different from the statute (article 2007, R. S. 1925) applicable in this one. The Slaughter Case was like this one, but in deciding it the court followed the Poole Case without noting the difference in the statutes.

The motions are overruled. See International & G. N. R. Co. v. Pleasants, 116 Tex. 568, 296 S. W. 282.