PEARL STEELE V. L. W. GOODRICH AND J. D. WALLACE.

No. 212.

1. **Mandamus—Practice.**

In applications for mandamus in this court it has been the practice first to consider the petition, and in event probable cause for the peremptory writ is shown, to order a citation to the respondents commanding them to appear and show cause why the prayer of the petition should not be granted . . . . . 402

2. **Striking a Case from Docket is a Final Judgment.**

Adhering to Punchard v. Delk, 77 Texas, 104, the striking of a case from the docket is a final judgment from which an appeal can be taken . . . . . . . . . . 403

3. **Mandamus Refused Where Remedy by Appeal Exists.**

The writ of mandamus will not lie where the party has a remedy by appeal. . 403

ORIGINAL APPLICATION for mandamus against the judge of District Court for McLennan County.

*H. C. Lindsay,* for application.—In making application for a mandamus against the judge of the District Court, counsel for applicant refers to the following:

"The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." Sec. 3 of amendment to art. 5 of the Constitution, adopted September 22, 1891.

"The Supreme Court, or the justices thereof, * * * in term time or vacation, may issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State." Art. 1012 of an act to amend articles numbers 1002, 1005, etc., passed 22nd Leg., called session, approved April 13, 1892.

As the provision in the Constitution allowing appeals from interlocutory judgments has been taken away, and as this was the foundation on which the jurisdiction in the case of Kleiber v. McManus, 66 Texas, 48, was sustained, the Court of Civil Appeals can have no jurisdiction herein; and as the amended Constitution provides that the Legislature may confer original jurisdiction on the Supreme Court to issue writs of mandamus in such cases as may be specified, except against the Governor, and as the Legislature has conferred such jurisdiction on

this court against district judges, counsel for applicant submits that this court, and this court alone, has the right to issue this writ against such judge.

*Herring & Kelley*, for defendants.—A writ of mandamus will not issue in behalf of a party who has some other adequate remedy at law. 76 Texas, 552.

A mandamus will not lie to revise the judicial action of inferior courts upon matters presented to them.   63 Texas, 482; 68 Texas, 488; 85 Texas, 478.

GAINES, CHIEF JUSTICE.—This is an application for a writ of mandamus filed by Pearl Steele against respondent Goodrich, as judge of the Nineteenth Judicial District, and respondent Wallace, as administrator of the estate of Thomas Steele, deceased, in order to compel the judge to hear and determine a certain cause alleged to be pending in the District Court of McLennan County, entitled "Thomas Steele, deceased, J. D. Wallace, admr., v. Thomas M. West et al."

The petition alleges, in substance, that in November, 1878, the County Court of McLennan County, upon settlement of the account of respondent Wallace as administrator of the estate of Thomas M. Steele, deceased, rendered a judgment against him for the sum of $5647.25; that from that judgment Wallace perfected an appeal to the District Court by giving notice and filing an appeal bond; that subsequently the cause was dropped from the docket of the District Court; that at the October Term, 1892, of said court, upon a verbal request of the attorney of petitioner, the judge of the court caused the case to be reinstated upon the docket; but that on December 9, 1893, on motion of respondent Wallace, the court ordered that the cause be stricken from the docket. It is also alleged, that the order was not entered upon the minutes of the court, but was entered by the judge upon the motion docket and was obeyed by the clerk; and that petitioner subsequently filed a written motion to reinstate the cause, which was refused by the court. The petition further shows, that one B. F. Steele was a distributee of the estate of Thomas Steele, deceased; that B. F. Steele died in August, 1876; that petitioner is his daughter. As alleged, she did not attain her majority until the 15th day of October, 1892.

The respondents object to the citation to show cause, and say that they should not be required to answer, because the writ does not recite that it was issued in pursuance of an order of this court.

It has been the practice of this court in similar cases, first to consider the petition for the mandamus, and in the event probable grounds for the peremptory writ are shown, to order a citation to issue to the respondents, commanding them to appear and show cause why the

prayer of the petition should not be granted.    That practice was pursued in this case, and we deem it unimportant whether the writ shows the fact of the order upon its face or not.    The respondents have answered to the merits, and that is sufficient to cure any informality in the citation.

It is unnecessary to set out at length the answers of respondents to the merits.    They relate a history of the suit substantially as alleged in the petition, and aver, in addition, that the cause was dropped from the docket of the District Court of McLennan County in pursuance of a settlement made between the appellant and appellees.

In Punchard v. Delk, 77 Texas, 104, a cause had for many years been omitted from the docket, and was again docketed by the clerk, it would seem at the instance of the plaintiff, and without an order of the court. The case thereafter was "dismissed from the docket," on motion of the defendants.    An appeal was taken from the order of dismissal, and this court entertained jurisdiction and affirmed the judgment.    This case is direct authority for the proposition, that the order of the court made on the 9th day of December, 1893, dismissing the cause from the docket, was a final judgment from which an appeal could have been taken.    The writ of mandamus will not lie where the party has a remedy by appeal.    The petitioner should have caused the order of December 9th to be entered nunc pro tunc, and should have appealed from that order.

For the reasons given, the writ of mandamus is refused.

*Mandamus refused.*

Delivered December 17, 1894.