## HENDERSON TIRE & RUBBER CO. v. REEVES et al.

(Circuit Court of Appeals, Eighth Circuit. September 13, 1926.)

No. 293, Original.

**1. Courts ☞404.**

Circuit Court of Appeals may issue writ of mandamus or prohibition in aid of, or to prevent impairment of, its actual or potential appellate jurisdiction, before as well as after steps for review have been taken.

**2. Courts ☞342.**

In federal court, the distinctions between suits in equity and actions at law still exist.

**3. Mandamus ☞4(4)—Prohibition ☞3(2).**

If district court should enter a decree in equity in a cause which should have been tried as a case at law, such error could be corrected by appeal or writ of error and would not warrant mandamus or prohibition.

**4. Action ☞31.**

Defendant, by answering complaint and participating in trial in equity without objection, may waive its right to a trial of its case as an action at law by a jury.

**5. Mandamus ☞48—Prohibition ☞5(2)—Defendant held not entitled to writ of prohibition or mandamus to prevent trial of cause on equity side of court.**

Where plaintiff, in conversion after grant of new trial to defendant, amended complaint and obtained transfer to equity side, defendant was not entitled to prohibition or mandamus to prevent trial in equity; error, if any, being reviewable by appeal or writ of error.

**6. Mandamus ☞3(1).**

Mandamus is an extraordinary remedy, available where ordinary remedies fail or are inadequate.

**7. Mandamus ☞4(1).**

Neither writ of mandamus nor an application for it is available as a substitute for an appeal or writ of error.

Original petition by the Henderson Tire & Rubber Company for a writ of prohibition

and/or mandamus, to be directed against Albert L. Reeves and another, Judges of the United States District Court, and others. Petition denied.

Leland Hazard, of Kansas City, Mo. (Maurice H. Winger, of Kansas City, Mo. on the brief), for petitioner.

Charles M. Miller, of · Kansas City, Mo. (Russell Garnett and Alpha N. Brown, both of Kansas City, Mo., on the brief), for respondents.

Before SANBORN, STONE, and KENYON, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. This is an original proceeding in this court for a writ of mandamus or prohibition to require the judges of the United States District Court below to try a case in that court to a jury at law. Counsel for the petitioner, Henderson Tire & Rubber Company, a corporation, state in their brief that their ground for the issue of the writ is that the judges have improperly transferred an action at law to the equity docket, and are about to proceed to its trial as an equity case, in violation of the petitioner's constitutional right to a trial thereof by a jury at law. This court issued its alternative writ of mandamus on the petition of the Tire Company; the judges have answered the petition; the relevant facts are admitted and are these :·

On March 19, 1923, the Tire Company made a written contract of conditional sale with the Associated Dollar Tire Stores Company to deliver to the Tire Company's agent in the store or place of business of the Dollar Company automobile tires, tools and like merchandise of the value of about $30,000, that the Tire Company's agent should keep accounts between the parties, that the Dollar Company should sell this merchandise, that it should pay to the Tire Company for the articles it sold out of this stock prices stated in the contract, and that at the end of the term of the contract, which was on September 30, 1923, it should pay cash for the part of the goods it had not sold. The contract expressly provided that all tires warehoused as therein specified should be and remain the property of the Tire Company. The judges of the District Court, the respondents, held that, because this contract was not recorded, it was void "as to all subsequent purchasers in good faith, and creditors," under Rev. St. Mo., 1919, § 2284.

On June 22, 1923, the Tire Company entered the premises of the Dollar Company; took and carried ·away all the tires and other property subject to this contract. On June 29, 1923, the Dollar Company was adjudicated a bankrupt. On September 21, 1923, the trustee in bankruptcy commenced an action at law against the Tire Company for the conversion of the property it had seized. The Tire Company answered; the case was tried to a jury, which returned a verdict for the trustee for $15,000. On a motion for a new trial Judge Van Valkenburgh, who tried the case, set aside the verdict.

The complaint on which this action was tried was the first amended complaint. It contained four counts. Neither of them alleged or referred to the interest or rights of subsequent creditors of the Dollar Company under the written contract and the recording statute of Missouri. The first count was for conversion. It alleged the ownership of the property by the Dollar Company, the unlawful taking and conversion of it by the Tire Company, and nothing more. The second count alleged that within four months prior to the adjudication the bankrupt suffered its stock to be taken over and that this constituted a fraudulent and void transfer ·under section 70e of the Bankruptcy Act (Comp. St. § 9654). The third and fourth counts alleged that this transfer was in violation of sections 67e and 60 of the Bankruptcy Act (Comp. St. §§ 9651, 9644).

The memorandum of Judge Van Valkenburgh on his decision of the Tire Company's motion for a new trial is a part of the record before us. In that memorandum he stated that: "The bankrupt made no transfer, nor did it knowingly suffer one to be made. The property was taken by the defendant in this case. As the Supreme Court said in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 274, 36 S. Ct. 50, 60 L. Ed. 275: 'The [preference] section leaves no doubt that to be within its terms the transfer must be one which a bankrupt makes of his own property and which operates to prefer one creditor over others.'"

The memorandum leaves no doubt that he granted a new trial of the action because in his opinion none of the causes of action pleaded in the first amended complaint was proved by evidence sufficient to sustain a verdict against the Tire Company. The memorandum also shows that he was, however, probably of the opinion that it was possible that evidence might be produced of the rights of those who became creditors of the Dollar Company subsequent to the date of the conditional sale contract and that the trustee represented such creditors. He wrote in that memorandum: "The right of the trustee is

that of the subsequent creditors who acquired a lien in equity by virtue of the statute which made defendant's title void as to subsequent creditors. In re Bothe, 173 F. 597, 97 C. C. A. 547. The suit, therefore, must assume the character of one to establish an equitable lien upon the property in the hands of the defendant. While that lien arises through statute, nevertheless, the procedure by which it must be established is distinctly equitable in its nature."

In this state of the case the trustee prepared and filed his second amended complaint, in which he set forth the conditional sale contract word for word, alleged that it was not recorded as required by the statutes of Missouri, that subsequent to its date creditors of the Dollar Company, in reliance upon the fact that the Dollar Company was in possession of and selling the merchandise described in the written contract, gave credit to the Dollar Company without a notice of this contract with the Tire Company, that these creditors had proved their claims in the bankruptcy case of the Dollar Company, and that he, as trustee, represented them. He also alleged in this second amended complaint other facts which he claimed warranted the general creditors of the Dollar Company, and him as their representative, to disregard the claims of the Tire Company to the property under the written contract with the Dollar Company and under its contracts with its agents, and he prayed for judgment against the Tire Company for $30,000, and for such other relief as to the court might seem just and equitable. The Tire Company immediately made a motion to strike out this second amended complaint on the ground that it constituted a radical departure from the cause of action for conversion set forth by the trustee in his former pleadings. The court denied this motion; the trustee then made a motion to transfer the case from the law to the equity docket, and the court granted that motion. Counsel for the Tire Company strenuously objected to this order, and when these orders were made and ever since have objected and excepted to each of them. They now seek through the petition of the Tire Company to this court for its writ of mandamus to require the judges of the court below to refuse to try this case in equity, and to require them to try it at law to a jury, and they insist that, if this is not done, the Tire Company will be deprived of its constitutional right to a jury trial.

The District Judges undoubtedly denied the motion to strike out the second amended complaint and transferred this case to the equity docket in reliance upon section 274a of the Judicial Code (Comp. St. § 1251a), which provides: "That in case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings."

But counsel for the Tire Company contend that it was error for the District Judges to deny the motion to strike out the second amended complaint and to transfer the suit, and that this suit is still in reality an action at law for conversion masquerading under the unlawful disguise of a suit in equity, and that, if the Tire Company answers the second amended complaint, it will thereby estop itself from taking advantage of its constitutional right to a trial of this action at law by a jury, and that its only remedy is a writ of mandamus to require the judges to refuse to try this case in equity and to direct them to try it at law to a jury.

[1] Counsel for the judges object to the issue of the writ, on the ground that its issue would not be in aid of its appellate jurisdiction; but that position is untenable. The trustee's suit has been commenced and is pending in a District Court of the United States within the territoral jurisdiction of this court, and this court has potential or actual appellate jurisdiction of every such case, before as well as after an appeal has been taken or a writ of error applied for, and it may issue its writ of mandamus to aid or of prohibition to prevent the impairment of that jurisdiction. Barber Asphalt Pav. Co. v. Morris, 132 F. 947, 66 C. C. A. 55, 67 L. R. A. 761; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762; Frankel v. Woodrough (C. C. A.) 7 F.(2d) 796.

If, as counsel for the Tire Company contend, the trustee's cause of action was and still is an action at law, and the judges below have erroneously refused to grant its motion to strike out the second amended complaint, and have erroneously transferred the action to the equity docket, this court has plenary jurisdiction to review by appeal or writ of error those erroneous rulings and to correct them; and if, as counsel for the Tire Company insist, the Tire Company will be deprived of its right to a correction of these er-

rors by appeal or writ of error, and of its constitutional right to a trial of this case by a jury, if the Tire Company answers the second amended complaint and the District Court tries the case in equity, then no other remedy than a writ of mandamus or prohibition seems to be available and adequate, and this court ought to issue its writ to protect the Tire Company's constitutional right to a jury trial, and to preserve its own appellate jurisdiction to review these alleged errors.

But has the Tire Company no other adequate remedy? May it not answer the second amended complaint, preserve its objections and exceptions to these alleged errors, participate in the proposed trial in equity, and after decree or judgment have the errors of which it complains reviewed by appeal or writ of error? Counsel for the Tire Company answer this question in the negative, and cite Ex parte Simons, 247 U. S. 231, 38 S. Ct. 497, 62 L. Ed. 1094. In that case the plaintiff pleaded in her first count a simple action at law for damages for a breach of a contract to pay $50,000 for services · rendered. The District Court, on motion of the defendants, transferred this case to the equity side of the court. On the petition of the plaintiff the Supreme Court issued its writ of mandamus to produce and to give the plaintiff the right to a trial by jury at common law. But the court did not decide, nor was the question presented to it in that case, that, if the District Court over the objection and exception of the plaintiff had tried that count on the equity side of the court, and had rendered a decree against her, the plaintiff could not have secured a review and correction of that error by an appeal or writ of error, and no decision of any federal court to that effect has come to our attention. On this question authorities from courts of states that by statutes have abolished or attempted to abolish the distinctions between actions at law and suits in equity are not persuasive, much less controlling.

[2-4] In the courts of the United States the basic distinction between actions at law triable by jury and governed by the established rules and precedents of law and the Constitution and statutes of the United States, and suits in equity founded on and controlled by the principles, rules, and practice in chancery and determined by the conscience of the chancellor, still exist, and if, when this case against the Tire Company has been finally heard, no cause of action in equity has been proved against the defendant, it will be the duty of the trial court to render a decree in its favor even though at that time a cause of action at law has been proved. If the trial court should fall into the error of rendering a decree in equity against the Tire Company on such a state of facts, that company, in our opinion, could correct that error by appeal or writ of error. Investors' Guaranty Corporation v. Luikart (C. C. A.) 5 F.(2d) 793, 798; Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 236, 240, 43 S. Ct. 118, 67 L. Ed. 232; Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358. It is not denied that, if the Tire Company, without objection to or contention regarding the second amended complaint and the transfer of this suit to the equity docket, had answered the second amended complaint and participated in a subsequent trial in equity without objection, it might have waived its right to trial of its case in an action at law by a jury. But it has not done this, and probably will not do it. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 236, 242, 43 S. Ct. 118, 67 L. Ed. 232; Procter & Gamble Co. v. Powelson (C. C. A.) 288 F. 299.

[5] Moreover the Tire Company is the defendant in this case; the trustee is the plaintiff. He brought this suit at law for conversion. That action was tried at law to a jury, and that jury returned a verdict against the Tire Company. The court below granted the Tire Company a new trial, because in its opinion the evidence was insufficient to sustain that verdict. The Tire Company pleaded no counterclaim or cause of action against the plaintiff in answer to his first complaint. After that trial and the avoidance of the verdict of the jury, the trustee had the right to dismiss his action at law and thereafter to bring a suit in equity against the Tire Company. In effect that is what the trustee has done. The Tire Company has no constitutional right at law or in equity to compel the trustee to prosecute and try at law to a jury a cause of action at law against the Tire Company, which the plaintiff does not desire to prosecute, and which the plaintiff has failed to prove on the first trial. The trustee is now endeavoring, by presenting his second amended complaint and transferring his case to the equity docket, to maintain his suit in equity against the Tire Company.

Counsel for the Tire Company are of the opinion that the court below has fallen into fatal errors prejudicial to the Tire Company by denying its motion to strike out the second amended complaint, which they insist pleads a cause of action that is a radical departure from the cause of action in his original complaint, and by ordering the transfer of the case to the equity docket. They have

made and preserve their objections and exceptions to these rulings, and, if the final decree shall be against the Tire Company, in our opinion it can obtain a review of these rulings in this court by appeal or writ of error.

[6, 7] The writ of mandamus is an extraordinary remedy, available where ordinary remedies fail or are inadequate. Neither the writ nor an application for it is available as a substitute for an appeal or writ of error, and the alleged errors to which reference has been made may not be reviewed by the use of this writ. .

The petition for it must be and it is denied.