GLIDDEN STORES, INC., ET AL. V. HON. EWING BOYD, DISTRICT JUDGE.

No. 4579.    Decided November 17, 1926.
(287 S. W., 1093).

**Practice—Certain District Courts—Final Judgments—Dismissal—Reinstatement—Mandamus—Legal Remedy by Appeal.**

In a District Court in which practice was governed by Rev. Stats., Art. 2092 (counties having two or more District Courts with civil jurisdiction only where terms continue for three months or longer) a cause dismissed at plaintiff's cost was reinstated on motion filed more than thirty days thereafter. *Held*, that mandamus would not be issued by the Supreme Court to require the judge to set aside such order of reinstatement on the ground that his former judgment (dismissal) became final after thirty days and his jurisdiction ceased, under the requirements of Secs. 29 and 30 of such article. If the reinstatement was not a granting of new trial such sections were inapplicable. If it was, mandamus would not lie, because relator had a clear legal remedy by appeal under Rev. Stats., 1925, Art. 2249. (Pp. 174-175).

Original application by Glidden Stores, Inc., and others to the Supreme Court for writ of mandamus against Boyd as District Judge.

The Supreme Court referred the application to the Commission of Appeals, Section B, for its opinion thereon, which is adopted, and the writ refused as there recommended.

*Hunt & Teagle*, and *R. Wayne Lawler*, for relators.

It is elementary law that the purpose of a writ of mandamus is to enforce the performance of legal duty, and where a positive

and official duty is enjoined by law upon any court, board, or officer, and no discretion is given as to the mode or manner of performance of this duty, mandamus is the proper remedy to compel its performance. C. J., Vol. 38, p. 590; DePoyster v. Baker, 89 Texas, 155; Teat v. McGaughey, 85 Texas, 478; Ewing v. Cohen, 63 Texas, 482; Kuechler v. Wright, 40 Texas, 600; Jefferson v. McFaddin, 178 S. W., 714; Boynton v. Brown, 164 S. W., 893.

The Supreme Court of Texas has ample power under the Constitution and statutes of Texas to issue a writ of mandamus against any officer to require the performance on his part of an official duty. Vernon's Sayles' Civ. Stats., Art. 1733; Rodgers v. Alexander, 35 Texas, 117; Lloyd v. Brinck, 35 Texas, 1; Kleiber v. McManus, 66 Texas, 48; Martin v. Irvin, 147 S. W., 1164.

The District Judge of the Fifty-fifth Judicial District Court of Harris County, Texas, has no jurisdiction to grant a new trial or to set aside a judgment entered in that court after the expiration of thirty (30) days from the date of such judgment, when no motion for a new trial or other motion or proceeding has been filed in said case. Acts of Thirty-eighth Legislature, Chap. 105, p. 215, Sec. 16; Pierce Co. v. Watkins, 263 S. W., 905.

The judgment rendered by the District Court herein on the 4th day of January, 1926, was a final judgment. 19 R. C. S., 191; Black on Judgments, Vol. 1, p. 32; Moore-Mayfield Co. v. M., K. & T., 80 S. W., 881; Kempner v. First National Bank, 99 S. W., 112; Hutchison v. Hamilton, 234 S. W., 417; Brown v. Pfouts, 53 Texas, 221.

The questions involved herein, including the right to a writ of mandamus, the construction of the Acts of the Thirty-eighth Legislature, Chap. 105, p. 215, and the power of the District Judge to set aside the judgment after the expiration of thirty days in the absence of a motion for new trial has been clearly decided and settled by the judgment of the Supreme Court. Pierce Co. v. Watkins, 263 S. W., 905.

*King, Battaile & Sonfield*, for respondents.
The Supreme Court, under our Constitution and laws, has no original jurisdiction to issue and enforce the writ of mandamus against a District Judge requiring him to reinstate an order dismissing a case from his docket and to set aside an order reinstating such cause. Constitution, Art. 5, Sec. 3; Rev. Stats., 1925, Arts. 1734, 1735, 1733; Teat v. McGaughey, 85 Texas, 478.

The Supreme Court, by mandamus, has no jurisdiction to inquire into the action of the District Court in determining its power and authority to reinstate the cause on the docket.    Leeman v. Wheeler, 66 Texas, 155; Teat v. McGaughey, 85 Texas, 485; Ewing v. Cohen, 63 Texas, 483.

Writ of mandamus will not issue in behalf of a party who has some other adequate remedy at law.    Screwmens Ben. Assn. v. Benson, 76 Texas, 555.

The writ of mandamus cannot be made a substitute for an appeal or writ of error, and more especially it cannot be used by one court to reverse the judgments of another over which it has no appellate control.    Ewing v. Cohen, 63 Texas, 484.

The mere fact that a District Court has decided an issue that the relators think is in conflict with a decision of the Supreme Court will not permit the correction of this error, if any, by mandamus.    Pierce Co. v. Watkins, Dist. Judge, 263 S. W., 905; Rev. Stats., 1925, Art. 2093; Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Grubbs v. Leon & H. Blum, 62 Texas, 427; Leon & H. Blum v. Wettermark, 58 Texas, 127; Cohen v. Moore, 101 Texas, 45.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

This is an original application by relators against the Honorable Ewing Boyd, Judge of the Fifty-fifth Judicial District for Harris County, to compel him to enter an order vacating a previous order made by him reinstating the case of Ruth Mims et al. against Glidden Stores, a Corporation et al.    The Fifty-fifth District Court comes within the terms and provisions of Chap. 105, General Laws of the Thirty-eighth Legislature, which regulate the practice and procedure "in civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue for three months or longer." (Vernon's Tex. Ann. Stat., 1925, Art. 2092.)    The application shows that on January 4, 1926, the court made its order dismissing the case at the cost of the plaintiffs, and directing that the defendants go hence without day and recover of the plaintiffs all costs incurred; that more than thirty days after the entry of such judgment of dismissal, the plaintiffs for the first time, filed their motion to reinstate the case, which motion was heard and sustained, and an order entered declaring "the court having heard the pleadings, the evidence, and the argument of counsel, is of the opinion that said petition or motion and the evidence present a meritorious cause for the reinstatement of

this case, and it is therefore ordered, adjudged, and decreed that the order dismissing said cause from the docket is set aside and declared null and void and said cause is reinstated as a pending suit on the docket of this court, to which action of the court counsel for the defendant duly excepts and gives notice of appeal."

The application is predicated upon the provisions of the practice act referred to, as follows:

"29.   A motion for new trial where required shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of court at any time within twenty days after it is filed before it is acted on.

"30.   Judgments of such civil District Courts shall become as final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired.   After the expiration of the thirty days from the date the judgment is rendered, or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other District Courts."

The mandamus sought in this proceeding should be denied. It is contended by respondents that the order complained of is not an order granting a motion for new trial within the meaning of the practice act; that an order reinstating a cause previously dismissed is not the granting of a new trial because there had been no original or first trial.   It is obvious if this view be correct the Act under consideration has no application. But we need not consider this contention, for it is equally obvious if the order is one granting a motion for new trial, within the meaning of the Act, the writ must yet be refused under the well recognized rule that mandamus will never be awarded where the relator has an adequate legal remedy.   Glen v. Milam, 114 Texas, 160, 263 S. W., 900; Smith v. Conner, 98 Texas, 434, 84 S. W., 815; State v. Fisher, 94 Texas, 491, 62 S. W., 540; Aycock v. Clark, 94 Texas, 375, 60 S. W., 665; Steele v. Goodrich, 87 Texas, 401, 28 S. W., 939; State v. Morris, 86 Texas, 226, 24 S. W., 393; Southern, etc. Co. v. Texas, etc. (Com. App.), 281 S. W., 1045.

Now, Vernon's Ann. Texas Stats., 1925, Art. 2249, provides:

"* * * An appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trial in any of the above mentioned

cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

So that, relators' petition discloses that they had an adequate legal remedy by statutory appeal and the writ should in any event be denied.

We therefore recommend that the writ of mandamus be denied.

The opinion of the Commission of Appeals is adopted and mandamus denied.

*C. M. Cureton,* Chief Justice.