J. E. BOWEN v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE, ET AL.

No. 4993.   Decided June 25, 1928.
(8 S. W., 2nd Series, 664.)

*Paul Thomas,* for relator.

*R. L. Batts* and *J. T. Robison,* for respondent.

*A. H. Culwell* and *Turney, Burgess, Culwell & Pollard,* for co-respondent the California Company.

*T. L. Foster, J. W. Timmins, T. R. Freeman, S. W. Marshall, John L. Young* and *F. A. Williams,* filed briefs as *amici curiae.*

See briefs in Greene v. Robison, ante, p. 516.

MR. JUSTICE PIERSON delivered the opinion of the court.

In this case relator, J. E. Bowen, seeks to require J. T. Robison, Commissioner of the General Land Office, to issue to him a permit to prospect for oil and gas on Section No. 34, Block 194, Certificate No. 3979, G. C. & S. F. Railway Company Survey, containing 640 acres of land, in Pecos County, Texas.

On June 17, 1915, this section of land was awarded and sold to T. F. Hickox. It was classified as "mineral," and was sold with a reservation of the mineral rights to the State of Texas. Thereafter I. G. Yates succeeded to all the right, title, and interest of said Hickox in said land.

On February 25, 1924, I. G. Yates, individually and acting as the agent of the State of Texas, executed an oil and gas lease on this land to the California Company.

The petition of relator and the answer of co-respondent California Company allege that said Company is now drilling for oil and gas on said land.

The Commissioner of the General Land Office rejected relator's application upon the ground that the area was not subject to the application on account of the provisions of the so-called Relinquishment Act of 1919. Relator, Bowen, challenges the constitutionality and validity of said Act.

In an opinion delivered in the case of Greene v. Robison et al., this day delivered (ante, p. 516), this Court upheld in all essential respects the constitutionality and validity of said Act. For the reasons given in that case, relator is not entitled to a mandamus, and same is denied.