## BEN C. JONES & COMPANY v. C. A. WHEELER, DISTRICT JUDGE.

Motion No. 9667. · Decided January 16, 1932.

(45 S. W., 2d Series, 957.)

R. H. *Cousins,* of Austin, for relator.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

On April 15, 1929, relators filed a motion in the nature of a bill of review in cause No. 21146, pending in the district court of Travis county, styled Ben C. Jones & Co. v. Gammel-Statesman Publishing Company, in which they sought to vacate a judgment rendered upon the second trial of said cause for what is termed a "jurisdictional error apparent on the record," which it is claimed rendered said judgment null and void.

Relators set forth in a motion for leave to file petition for mandamus in the Supreme Court that it was averred in said bill of review that on the appeal from the judgment rendered on the first trial of cause No. 21146 the Supreme Court reversed the judgment rendered by the trial court on 5/6 of the cause of action and remanded the same for another trial. That the second trial of said cause was erroneously had upon plaintiffs' whole cause of action and judgment was rendered that the plaintiffs in said cause take nothing.

It is further averred that upon the second appeal taken in said cause relators did not present in the Court of Civil Appeals, or in their application for writ of error to the Supreme Court, the question as to the alleged error of the trial court in retrying the entire cause of action upon the second trial.

When relators' bill of review was filed in the trial court it was met by a general demurrer urged by the defendants. This demurrer was submitted to the district court of Travis county, Honorable George Calhoun presiding, on March 10, 1930, and the same was taken under advisement until October 13, 1930, on which date the court overruled the same. Thereupon relators orally moved the court to render judgment for them, it being claimed that it was the duty of the trial court to render judgment in their favor when it overruled defendant's demurrer to the bill of review. This motion was set by the court for a hearing on January 5, 1931. In the meantime Judge Calhoun resigned as district judge, and respondent, Honorable C. A. Wheeler, was appointed by the governor to succeed him.

On January 5, 1931, relators filed in said cause No. 21146 a written motion for the rendition and entry of judgment *nunc pro tunc,* setting aside the judgment rendered in the second trial of cause No. 21146 and the same was set for hearing on January 17, 1931. At this hearing the motion was overruled.

The relief sought by relators in this proceeding is to compel the district judge of Travis county, by writ of mandamus, to enter judgment setting aside the judgment rendered on the second trial of said cause No. 21146.

■■ Relators are not entitled to the relief sought for several reasons:

1. It appears from the averments of their own petition that the relief now sought could have been obtained upon the second appeal from the judgment rendered in cause No. 21146.

2. It is not shown that the present district judge has refused to try relators' bill of review upon its merits. If said court erroneously refused to enter judgment after overruling the defendant's demurrer, a question which we do not decide, when the case is tried upon its merits, relators have a full, complete and adequate remedy by complaining upon appeal after final judgment that the trial court erroneously failed to enter judgment in their favor when defendants' demurrer was overruled.

3. While the Supreme Court has full authority to issue the writ of mandamus to compel a district judge to proceed to trial in a case, where it is his duty to do so, it will not in such pro-

ceeding direct the character of judgment which should be entered. The nature of judgment to be entered by the trial court in a case pending upon its docket will be determined by it, subject to review upon appeal, if erroneous.

Our Supreme Court has uniformly adhered to the rule that it will not afford a relator relief through the extraordinary remedy of mandamus when it appears that he has taken or could have taken an appeal in which the very relief sought could have been obtained. Bowen v. Robison, Com., 117 Texas, 546, 8 S. W. (2d) 664; Steele v. Goodrich, 87 Texas, 401, 28 S. W., 939; State of Texas v. Morris, 86 Texas, 226, 24 S. W., 293; Arkansas Bldg. & Loan Assn. v. Madden, 91 Texas, 461, 44 S. W., 823; Hogue v. Baker, 92 Texas, 58, 45 S. W., 1004; Hunsinger v. Boyd, 119 Texas, 182, 26 S. W. (2d) 905.

Relators perfected an appeal from the judgment rendered in the second trial of cause No. 21146. If in truth and in fact the district court failed to try said cause in accordance with the opinion rendered on the first appeal, it was clearly the duty of relators to complain of such action by proper assignment on the second appeal. Had they done so, they could have obtained the identical relief, if they were legally entitled thereto, that they now ask at the hands of this court. Relators' petition affirmatively discloses that they wholly failed to avail themselves of a complete and adequate remedy which the law afforded them. They will not be awarded relief through the medium of a writ of mandamus which they could have obtained on their second appeal.

We recommend that relators' motion for permission to file petition for mandamus be denied.

The opinion of the commissioner is adopted, and the motion for leave to file the petition for mandamus is overruled.

C. M. CURETON, Chief Justice.