**OLIVER et al. v. WILLIAMS et al.**

Motion No. 6772.

Court of Civil Appeals of Texas.
Texarkana.

Sept. 25, 1936.

Rehearing Denied Oct. 1, 1936.

Donald, Kearby & Donald, of Bowie, for relators. ·

Golden & Croley, of Dallas, for respondents.

SELLERS, Justice.

We quote from relators' petition for mandamus as follows:

"Now come D. C. Oliver and wife, Maud Oliver, and C. W. Falvey, all of Titus County, Texas, hereinafter styled Relators, and with leave of the Court, file this, their application for a Writ of Mandamus against Hon. I. N. Williams, Judge of the District Court of Titus County, Texas, being the 76th Judicial District of Texas, who resides in Titus County, Texas, and Blanche Roberts Grant and Charles E. Grant, both of whom reside in Dallas County, Texas, hereinafter styled Respondents, and with respect show to the Court as grounds therefor, as follows:

"Relators show that they were the Defendants in a certain cause pending in the District Court of Titus County, Texas, styled Blanche Roberts Grant vs. D. C. Oliver et al., and numbered on the docket No. 3630; that the ·Respondent, Blanche Roberts Grant, was the Plaintiff in said cause, and that the Respondent Charles E. Grant, was made a co-defendant therein by Relators, and that Relator, Hon. I. N. Williams, is Judge of the District Court of Titus County, Texas, being the 76th Judicial District of Texas, and was the presiding judge upon the trial of said cause No. 3630 aforesaid.

"Relators show that Blanche Roberts Grant as Plaintiff on May 18, 1936, filed suit in the ordinary form of Trespass to Try Title in Cause No. 3630 in the District Court of Titus County, Texas,. against Relators as Defendants to recover a certain 178.23 acres of land out of W. N. Baker .Survey in Titus County, Texas, all of which more fully appears in Plaintiffs' original petition, a true copy of which is hereto attached, marked Exhibit 'A,' and by reference made a part hereof.

"That trial of said Cause No. 3630 was duly had in District Court of Titus County, Texas, to a jury duly impaneled,. same having been submitted on special issues. The jury failed to answer special issues Nos. 2, 8, 11, 13, and 15, as submitted to them; but the said relator, Hon. I. N. Williams, as Judge of said Court nevertheless accepted said verdict, and discharged said jury; that thereupon the

defendants, relators herein, duly filed their motion to declare a mistrial therein, a true copy of which said motion is hereto attached, marked Exhibit 'E' and by reference made a part hereof.

"That said motion to declare a mistrial was duly presented to said court on July 13, 1936, during the regular term of said court, which was by the court in all things overruled, to which action of the court, relators duly excepted, which action of the court, as well as said exceptions, are fully shown by relators' bill of exception No. 1 (A), duly approved by the court, a true copy of which is hereto attached, marked Exhibit 'F,' and by reference made a part hereof.

"On same date, July 13, 1936, the Honorable I. N. Williams, Judge of said Court, heard and considered the motion for judgment by plaintiff Blanche Roberts Grant wherein the plaintiff asked the court to render judgment for plaintiff on the verdict of the jury, notwithstanding special issues Nos. 8 and 11 had not been answered by the jury, a true copy of said motion for judgment by plaintiff, except the special issues therein copied, and the form of judgment requested is not copied as the same is shown, as such special issues are shown in the judgment which the court entered on said day, which said copy is marked Exhibit 'G,' and by reference made a part hereof.

"The court granted said motion and on July 13, 1936, entered judgment for the plaintiff for the recovery of the title and possession of said land as prayed for, to which relators duly excepted.

"Wherefore Relators pray that Respondents be duly served with notice of this application for a Writ of Mandamus, and that upon hearing hereof, that said Writ of Mandamus issue to the said Hon. I. N. Williams, Judge of District Court of Titus County, Texas, in his representative capacity as such District Judge, commanding and directing him, as Judge of said Court, to declare a mistrial in said Cause No. 3630, pending in said District Court of Titus County, Texas, and to again place same on the docket of said Court to stand regularly for trial in due course, and that the judgment as entered by said Court in said Cause No. 3630 on July 13, 1936, be declared of no force or effect, and vacated, and for all such relief as under the law and the record herein Relators may show themselves

entitled and for costs and as in duty bound will ever pray."

It will be observed from this petition, and it is admitted by relators in their brief filed in connection with their petition, that the trial court has entered a final judgment in the cause, and the purpose of this proceeding is to have that judgment set aside and a mistrial declared, because, as contended by relators, the jury's verdict will not support the judgment entered by the court. At a former day of this term of this court, this petition was denied, and in keeping with the custom of the court no written opinion setting forth reasons for denying the writ was delivered. However, in their motion for rehearing relators have insisted that they are entitled to the writ of mandamus as a matter of right, or, in other words, that relators have a choice of remedies in such cases, that is, by mandamus, or appeal, or writ of error. Because of this contention we have decided to set forth our reasons for denying the petition.

In our opinion, no rule of law is better settled in this State than the one which declares that an appellate court will not issue a writ of mandamus against a trial court in any case wherein a final judgment has been entered from which an appeal or writ of error could have been prosecuted and the relief sought obtained. Steele v. Goodrich, 87 Tex. 401, 28 S.W. 939; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665, 666; Bowen v. Robison, Commissioner of General Land Office, 117 Tex. 546, 8 S.W.(2d) 664; International & G. N. R. Co. v. Pleasants, 116 Tex. 568, 296 S.W. 282; American Surety Co. v. Whitehead (Tex.Com.App.) 45 S.W.(2d) 958; Glidden Stores v. Boyd, District Judge, 116 Tex. 172, 287 S.W. 1093. In the case of Aycock v. Clark, Chief Justice Gaines held:

"It is elementary law that a mandamus is never awarded where the law has provided another plain, adequate, and complete remedy. Ewing v. Cohen, 63 Tex. 482; Little v. Morris, 10 Tex. 263; Screwmen's Ben. Ass'n v. Benson, 76 Tex. 552, 13 S.W. 379. A final judgment having been rendered in the cause, the plaintiffs have their remedy to correct that judgment, either by an appeal or a writ of error to the court of civil appeals. If, as argued in behalf of the relators, that remedy be not adequate, then no tribunal

can, in any event, afford such remedy in such a case. If, with the entire record before it,—that is to say, the pleadings, the bills of exception, the statement of facts, the charges of the court, the verdict and judgment,—the appellate court cannot adequately correct an error in the judgment rendered in the trial court, it would seem that a law providing for an appeal is a mistake in jurisprudence.

"While the rules announced are well settled, and are in consonance with the decisions of all the common-law courts, we will call attention to cases from courts of very high authority. * * * Ex parte Newman, 14 Wall. 152, 20 L.Ed. 877, the supreme court of the United States say: '* * * Such a writ cannot perform the functions of an appeal or writ of error, as the superior court will not, in any case, direct the judge of the subordinate court what judgment or decree to enter in the case, as the writ does not vest in the superior court any power to give any such direction or to interfere in any manner with the judicial discretion and judgment of the subordinate court.'"

The rule as announced in this case has been followed by the courts of this State. It has been recently approved by the Supreme Court in the case of Morrow v. Corbin, 122 Tex. 553, 62 S.W.(2d) 641, 644, opinion by Chief Justice Cureton. It was there held:

"'Jurisdiction' of a particular court is that portion of the judicial power which it has been authorized to exercise by the Constitution or by valid statutes.

"Since the Constitution has erected a system of both trial and appellate courts, it is obvious that it was never the purpose of the Organic Law to permit one tribunal to interfere with the lawful exercise by another of the judicial power allocated to it. It was the purpose of the framers of the Constitution to make each tribunal independent of all others in the exercise of the authority confided to it, except in so far as powers of revision or direction may be given in the Organic Law or valid statutes thereunder to appellate over trial tribunals. This is made plain by the repeated decisions of the appellate courts in mandamus cases to the effect that while they have power to direct a trial court to proceed to trial, they have no authority to and will not direct the inferior tribunal how to try or decide a case before it."

From the authorities above cited it is our opinion that this court does not have jurisdiction to issue a writ of mandamus in this case, and it is not a question of this court's granting or refusing a writ in its discretion.

But, it is contended, the Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 900, 4 A.L.R. 613, has announced a different rule. It was there held: "It is no sound objection to the award of the mandamus that the defendant might finally secure a review of an adverse judgment following a retrial, by means of appeal to the Court of Civil Appeals and writ of error to the Supreme Court. For it has been the law of Texas since Bradley v. McCrabb, Dallam [Dig. 504] 507, that the writ of mandamus 'will not only issue, in cases where the party having a specific legal right has no other legal operative remedy, but, where the other modes of redress are inadequate or tedious, the writ will be awarded.' Not only would the remedy to defendant of appeal and writ of error, after another trial, be manifestly tedious, but such remedy would also be inadequate; for it is the very essence of defendant's right that it is entitled not to have to respond further to plaintiff's cause of action than by payment of his judgment. Justice Ramsey, in speaking for the court in Wright v. Swayne, 104 Tex. [440] 444, 140 S.W. [221] 222, Ann.Cas. 1914B, 288, said: 'If the court should willfully refuse to execute its own judgments according to their true intent and effect, we would have the authority and it would be our duty to direct it to proceed to execute the judgment and sentence of the law.'"

The writ of mandamus in the case just quoted was issued to require the trial court to enforce a final judgment entered in the cause from which no appeal or writ of error had been prosecuted. The contention was made that the Supreme Court could not issue the writ for the reason that the defendant would have a right to appeal from a retrial of the case to the Court of Civil Appeals. The Supreme Court simply held that no further trial was necessary for the reason that a valid, final judgment had already been entered and a mandamus would issue to require the trial court to enforce such judgment. Still better evidence that the court did not by this opinion intend to change the general rule is found in the fact that Justice

Greenwood, who delivered the opinion in Gulf, C. & S. F. Ry. Co. v. Muse several years later also delivered the opinion in International & Great Northern Ry. Co. v. Pleasants, supra, where the general rule was upheld and the mandamus refused.

The motion for a rehearing is overruled.