**KINZBACH TOOL CO., Inc., et al. v. ATKINSON, Judge, et al.**

Motion No. 11695.

Court of Civil Appeals of Texas. Galveston.

July 20, 1939.

Hardway, Woodruff & Austin, of Houston, for relators.

W. F. Tarver and T. J. Stovall, both of Houston, for respondent Corbett-Wallace Corporation.

Ben Connally, of Houston, for respondent G. E. Turner.

GRAVES, Justice.

This is a motion by Kinzbach Tool Company, Inc., and Charles Kinzbach as its Secretary-Treasurer, as well as individually, Relators, against Hon. Norman Atkinson, Judge of the 11th District Court of Harris County, along with the Corbett-Wallace Corporation, a corporation, and G. E. Turner, an individual, Respondents, presented here pursuant to this court's rule IV(b), for permission to file an attached petition for an original writ of prohibition from this court—operative against all the respondents—but particularly so against such district judge, vacating, setting aside, and in effect declaring outside of his jurisdiction, an order by him of July 10 of 1939, in cause No. 249434 between the same parties constituting the relators and respondents here, then pending in such district court, wherein, at the instance of respondent, the Corbett-Wallace Corporation, he entered an order against the relators, commanding and requiring them, in material substance, as follows:

" * * * to produce before A. J. Rosenthal, a Notary Public in and for Harris County, Texas, at 10:00 A. M. Saturday, July 15th, 1939, at #702 Second National Bank Building, in the city of Houston, in Harris County, Texas, the following books, records, documents, etc., to be used for the purpose of examining a certain witness, namely, Charles Kinzbach, said books being the ledger, sales journal, sales records, etc., which show the number of whipstocks sold by defendant Kinzbach Tool Co., Inc., from June 1st, 1937, to June 20th, 1939, the sale price of the same, the size of same, the cost of producing the same, and generally all its records that bear upon the number of whipstocks sold by defendant and the cost of manufacture of the same, as well as other costs incident to the same."

The litigation itself, to which the quoted-order, so proceeding out of such cause No. 249434 then pending in that court between these same parties related, was a controversy in its essential nature and reaches substantially as follows:

"The Corbett-Wallace Corporation, as plaintiff, instituted this suit to recover the balance due on a written contract for the exclusive sales-privilege of a patented device (whipstocks) to the defendant, Kinzbach Tool Company. The defendant answered and impleaded G. E. Turner, as cross-defendant, alleging that fraud exist-

ed in the inception of such sales contract, and that the said Turner, a former employee of the defendant, had conspired with the plaintiff, The Corbett-Wallace Corporation, in negotiating said sale, and alleging that the defendant had been damaged to the extent of $5,000.00, which, it is alleged, was paid by way of a fraudulent bribe by the plaintiff to the cross-defendant.

"Pending trial, plaintiff sought to take the oral deposition of Charles Kinzbach, Secretary and Treasurer of the defendant corporation. Proper notices were served, commission issued, and application made to the Honorable Norman Atkinson, before whom the cause was pending, for an order to compel the witness and the defendant-corporation to produce such books and records as would reflect the profit made by the defendant corporation under the sales-contract in question, since the purchase thereof by the defendant; it being the contention of the plaintiff that such evidence as to the profits made under the instrument would be relevant on the question of the value of that contract, and consequently would throw considerable light on the damages, if any, sustained by the defendant as a result of the alleged fraud. * * *

"*It was stated and agreed that no insight into the defendant corporation's records was sought, save and except in so far as such records reflected profits made under the contract in question.*"

Able counsel for both sides have obligingly accompanied this motion, and the answer thereto, for permission to file such petition, with their arguments pro and con; aided thereby, this court has carefully examined the facts stated in the accompanying petition for the writ of prohibition, and is clearly of opinion that such writ should not be awarded; the motion to file the petition, therefore, will accordingly be overruled.

It is obvious that the complained-of order is in ultimate effect merely one providing for the taking of an oral deposition, and that the question of whether or not such deposition should be permitted to be taken, as well as whether the testimony contemplated therein to be secured would be material to the issues so raised in that suit, as well as the further one of whether or not the production of such specified books and records was proper, were all matters going to the judicial discretion of the trial judge. That being so, no writ of prohibition would properly lie; Matthaei v. Clark, 110 Tex. 114, 216 S.W. 856; Glidden Stores v. Boyd, 116 Tex. 172, 287 S.W. 1093; Glenn v. Milan, 114 Tex. 160, 263 S.W. 900.

Indeed, the same question—proceeding from facts not in legal effect different from those here obtaining—was decided adversely to the issuance of such a writ by the Supreme Court in Southern Bag & Burlap Co. v. Boyd, 120 Tex. 418, 38 S.W.2d 565. That holding is thought to rule this cause also.

It further seems equally as plain that the terms of this order, as applied to the evident issues in the cause before the court to which it related, did not exceed the court's jurisdiction, nor constitute an abuse of its discretion, its quoted provisions being strikingly similar to those expressly approved in the Boyd case, supra.

The motion is refused.

Refused.