Martha **BERNEY** et al., Appellants,

v.

**Judge W. L. STERRETT,** Appellee.

No. 17459.

Court of Civil Appeals of Texas,
Dallas.

March 6, 1970.

Walter J. Woodman, Shwiff & Woodman, Dallas, for appellants.

Harry Schulz, Jr., Asst. Dist. Atty., Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order of a district court denying an application for a writ of mandamus.

On November 26, 1969 appellants Patricia Lizabeth Berney and Martha Berney filed an application in a district court of Dallas County asking the court to issue a writ of mandamus directing appellee Hon. W. L. Sterrett, County Judge, to hold a hearing pursuant to Art. 5561c—1, Vernon's Ann.Civ.St. of Texas, in Cause No. 69–1857ND.

In a petition filed November 7, 1969 in the county court Mrs. Martha Berney alleged that her daughter, Patricia Lizabeth Berney, is a person addicted to the use of narcotic drugs and should be committed

for treatment to a mental hospital as provided by statute.

At a hearing in the county court held on November 12, 1969 it was brought out that Patricia Lizabeth Berney was under two indictments dated October 3, 1969 for criminal acts—the possession of dangerous drugs and the possession of narcotics. On learning of these indictments Judge Sterrett dismissed Cause No. 69–1857ND for want of jurisdiction.

Appellants did not appeal from the order of dismissal. Instead they filed in the district court their application for a writ of mandamus.

A hearing was held in the district court and on December 17, 1969 the court entered an order denying the writ of mandamus. The court's order contains this recitation:

"* * * the parties having agreed to submit the case to the court upon the transcript and statement of facts on file herein from the cause below, * * * and the court having examined same and heard the argument of counsel, and it appearing to the court that the Probate Court has entered a final order dismissing Relators application for want of jurisdiction, which may be reviewed by appeal or certiorari, and that no proceeding is now pending in said Probate Court, * * * the application for mandamus should be denied."

Appellants base their appeal to this court on four points of error: (1) Judge Sterrett erred in dismissing appellants' application because Art. 5561c—1, V.A.C.S., is mandatory; (2) in considering the alleged indictment inasmuch as same was not properly before the court and is not evidence of guilt[1]; (3) the action of Judge Sterrett in dismissing appellants' application is a denial of Patricia Lizabeth Berney's right to equal protection under Amendment 14,

Sec. 1, of the Constitution of the United States; and (4) the Judge of the District Court erred in denying the writ of mandamus in that mandamus is a proper remedy and is the only adequate remedy in this case.

We shall first consider appellants' fourth point of error: that the trial court erred in denying the application in that mandamus is the only adequate remedy in this case.

■ The judgment of dismissal was a final judgment, 34 Tex.Jur.2d 534, and was therefore appealable.

■ It has long been the rule in this and in practically all other jurisdictions that a writ of mandamus will not be issued when the relator has an adequate remedy by appeal. Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 652 (1958); Ben C. Jones & Co. v. Wheeler, 121 Tex. 128, 45 S.W.2d 957 (1932); Henderson Tire & Rubber Co. v. Reeves, 14 F.2d 903 (8th Cir. 1926), cert. denied 273 U.S. 744, 47 S.Ct. 336, 71 L.Ed. 870; 37 Tex.Jur.2d 606; 55 C.J.S. Mandamus § 22, p. 51.

We are convinced that in this case an adequate remedy was available to appellants by appeal. Art. 5561c—1, V.A.C.S., provides that an appeal may be taken to a district court, where the appeal shall be by trial de novo *and such cases shall be advanced on the docket and shall be given a preference setting over all other cases.* The statute also provides that upon the filing of a certificate by an examining physician that the patient is addicted to narcotics and is likely to cause injury to himself or others, he may be placed in protective custody immediately *and the county health officer shall see that persons held in protective custody receive proper care and medical attention pending removal to a mental hospital.*

Appellants take the position that an appeal is not an adequate remedy because an

---

1. It is conceded by the parties in their briefs that since the dismissal of Cause No. 69–1857ND in the county court Patricia Lizabeth Berney has pled guilty in the criminal district court to the offenses described in the indictment.

appeal is time-consuming whereas the relief which Patricia Lizabeth needs can be obtained much sooner by mandamus. We do not agree with appellants. Since the statute directs that the appeal to the district court shall be advanced on the docket and shall be given a preference over all other cases, relief can be made available as soon by appeal if not sooner than by mandamus. This is especially true in view of the provision for protective custody and the treatment of the patient by the county medical officer pending a hearing. We call attention also to Rules 245 and 330(b), Vernon's Texas Rules of Civil Procedure, which give district courts broad powers to set cases for trial at any time, limited only so as to allow the parties reasonable time for preparation. We also call attention to Rule 410, T.R.C.P., whereby this court is directed to give precedence to cases given precedence by law or the rules of procedure and "such other cases as the court, by order or rule, may direct."

In view of the terms of Art. 5561c—1, V.A.C.S., and other statutes and rules providing for preferred settings for trials and appeals, we cannot say that appellants, because they have been denied a writ of mandamus in this case, have been denied equal protection under the 14th Amendment to the Constitution of the United States.

We are convinced that the district court did not commit reversible error in impliedly holding that appellants had an adequate remedy by appeal from the judgment of dismissal by the county court. Appellants' fourth point is overruled.

By our holding and decision in this case we do not hold that if Patricia Lizabeth Berney is addicted to the use of narcotics and needs treatment she may not file another petition as provided by Art. 5561c—1, V.A.C.S. neither do we undertake to tell the County judge what his judgment should be if another petition is filed. We simply hold that if such judgment by the county court should be unsatisfactory to the petitioners they have an adequate remedy by appeal.

Appellants have presented other points of error, but they are directed primarily to the alleged errors of the county court, not to the action of the district court in denying the writ of mandamus. We shall therefore not pass on said points.

The judgment of the district court in denying appellants' application for a writ of mandamus is affirmed.