**Opinion issued March 27, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00190-CV**

————————————

## IN RE RUDOLPH BAKER, RELATOR

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Rudolph Baker, filed a petition for writ of mandamus requesting that

this Court compel the trial court to rule on his December 22, 2023 Application to

Proceed Pro Se.[1] The district court records reflect that a final judgment was signed

---

[1] The underlying case is *Rudolph Baker v. Best Reed Motel*, cause number 2022-74385, decided by 215th District Court of Harris County, Texas, the Honorable Christine Weems, presiding.

in the underlying case on November 29, 2023.[2] Relator did not appeal from the final judgment. Mandamus will not lie when the relator had an adequate remedy by appeal but failed to utilize it timely by appealing from the final judgment. *See Williams v. Steele*, 101 Tex. 382, 386, 108 S.W. 155, 157 (Tex. 1894) ("It is true that, then the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and [appellate] jurisdiction over the void proceedings to declare their invalidity and set them aside."); *Oliver v. Williams*, 98 S.W.2d 246, 247 Tex. App.—Texarkana 1936, orig. proceeding) ("In our opinion, no rule of law is better settled in this State than the one which declares that an appellate court will not issue a writ of mandamus against a trial court in any case wherein a final judgment has been entered from

---

[2] Appellate courts may take judicial notice of facts outside the record when necessary to determine jurisdiction. *See* TEX. R. EVID. 201(d); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam) (taking judicial notice of plea agreement entered in federal court, which was not contained in appellate record, because agreement was relevant to jurisdictional issue); *In re Lombana*, 542 S.W.3d 699, 701 n.1 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (taking judicial notice of order that is publicly available on district clerk's website). Because the issue of mootness implicates subject-matter jurisdiction, we may take judicial notice of facts outside the record in determining whether the case is moot. *See Freedom Commc'ns*, 372 S.W.3d at 624. And, we may do so sua sponte. *See* TEX. R. EVID. 201(c)(1); *see Graves v. Diehl*, No. 01-00-00412-CV, 2006 WL 1699527, at *1 n.1 (Tex. App.—Houston [1st Dist.] June 22, 2006, pet. denied) (mem. op.) ("Though [appellees] have not requested us to take judicial notice of the records from the bankruptcy proceeding, we may do so sua sponte.").

which an appeal or writ of error could have been prosecuted and the relief sought obtained.").

Because relator had, but failed to utilize, an adequate appellate remedy, we deny his petition for writ of mandamus.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.